# MATTHEW LAFLIN *et al.*

## *v.*

## STEPHEN WHITE.

1. MISPRISON OF THE CLERK—*when it will not vitiate a judgment.* Where in entering an order of court, the clerk uses the plural instead of the singular number in parts of it, but the order shows which word the court designed to employ, such order will not be reversed for the misprison of the clerk.

APPEAL from the Superior Court of Chicago.

This was an action commenced by the appellee against the appellants before a justice of the peace, and appealed to the Superior Court of Chicago, where a trial was had before the court, and a judgment rendered in favor of appellee for forty dollars and costs of suit, whereupon appellants appealed to this court.

The facts in the case are stated in the opinion of the Court.

Messrs. KNOX and REED, for appellants.

Messrs. GARRISON and BLANCHARD, for appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

White sued Laflin, Loomis and Lewis. There was service only on Laflin. In entering up the judgment, the clerk, after reciting that the cause was submitted to the court, and that the court found the issues for the plaintiff, and assessed his damages against the said defendant (in the singular number) at forty dollars, proceeds as follows: "And thereupon said defendant submits his motion for a new trial in said cause, which is overruled. Therefore it is considered by the court that the said plaintiff have and recover from said defendants (in the plural number) his damages," &c. It is urged that

this is a judgment against all the persons sued, while only one was served. It is evident, however, that the adding of the letter " s " to the word defendant, was only a clerical error. The order was entitled "White *v.* Laflin," and taking this title in connection with the recitals in the order and the fact disclosed by the face of the record, that only Laflin was served, it is impossible that any doubt or misconception can arise as to the character of the judgment. The case of *O'Conner* v. *Mullen*, 11 Ill. 117, cited by counsel for appellant, is extremely technical, and we are not disposed to carry its principle still further. Where the clerk in entering an order, uses the plural number instead of the singular in some part of it, and yet the same order shows upon its face, beyond all dispute, which word the court designed to have the clerk employ, and what was the order really made, we will not reverse the judgment for the misprison of the clerk.

It is also urged that the verdict was against the evidence. The suit was brought for the services of a stallion. The mares are proven to have belonged to all the defendants. They owned a farm, and the tenant took the mares, which were a part of the farm stock, to plaintiff's horse, by direction of the defendant, Lewis, who went with two of the mares in person. The defendant, Laflin, against whom the judgment was rendered, is not proven to have given any directions in regard to the matter, but it is proven that he asked the tenant to what horse he was putting the mares, and that the chief control of the farm was left to Lewis. It further appeared by the lease that the mares were left on the farm, in part at least, with a view to the raising of stock. Under these circumstances it was perfectly reasonable for the court that tried the cause to presume that the tenant, in taking the mares to the stallion, was acting not only under the express directions of Lewis, but also under the authority of the other owners, and if this were so, then the owners of the mares were jointly and severally liable to the owner of the horse.

The defendants introduced the lease to show that the tenant

was liable for a part or all of the plaintiff's demand. That may be so as between the defendants and their tenant, but there is no evidence that the plaintiff in this suit had any knowledge of the terms upon which the farm was leased. In the absence of such evidence the provisions of the lease were wholly immaterial, and equally so was the parol evidence offered by the plaintiff to explain it. The admission of the latter is not, therefore, assignable for error.

The majority of the court are of opinion the judgment should be affirmed.

*Judgment affirmed.*