450     HOFFERBERT *et ux. v.* KLINKHARDT.     [Jan. T.,

Syllabus. Statement of the case. Opinion of the Court.

# LUDWIG HOFFERBERT *et ux.*
## *v.*
## EDWARD KLINKHARDT.

1. JUDGMENTS AND DECREES—*misprison of clerk in entering a decree—what will not vitiate it.* A decree, regular in all other respects, will not be reversed merely because the clerk, by mistake, used the word "defendant" instead of "defendants."

2. SAME—*omission of a letter, when the meaning is apparent, will not vitiate the record.* The omission to use a single letter, when the meaning can be clearly ascertained from the context, has never been held sufficient to vitiate and render void a judicial record.

3. SAME—*when will not be held void for uncertainty.* When the sense of a judgment or a decree can be clearly ascertained from the recitals in the whole record, it can not be said to be void for uncertainty.

4. SAME—*record must show what was intended to be decreed—mere form not regarded.* In such cases, this court will regard the substance only, and not mere form; but there must always appear in the record enough to show what was intended to be decreed.

5. SAME—*substantial objections to, only, regarded.* And the better rule is, to regard only substantial objections, and especially to disregard those having no merit.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was a bill in chancery, to foreclose a mortgage, filed by the defendant in error against the plaintiffs in error, in the circuit court of St. Clair county, where the cause was heard at the October term of said court, A. D. 1868, and a decree entered in favor of the defendant in error, for the amount of mortgage debt; to reverse which, the record is brought to this court by writ of error.

Messrs. WINKELMAN & BONEAU, for the plaintiffs in error.

Messrs. KASE & WILDERMAN, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The errors assigned are all of the same character, and may properly be considered together. The objections urged are of

the most technical character, and do not extend to the merits, but only to the form, of the decree sought to be reversed.

The alleged error consists in using the word *defendant* in the recitals in the decree, when the record shows that there were two defendants, both of whom had been regularly served with process, and were before the court.

It is insisted that the decree should have been against both of the defendants, and that the use of the word *defendant* leaves it uncertain which of the two defendants the decree was against, and for that reason it is urged that the decree in this case is erroneous.

That judgments and decrees may be void for uncertainty, we have no doubt, but this conclusion ought not to be allowed when the sense of the judgment or decree can be clearly ascertained from the recitals in the whole record. *McCounes* v. *Holmes,* 4 Bibb, 389.

It is the duty of the appellate court rather to regard the substance only, and not mere form; but still there must always be in the record enough to show what is intended to be decreed. *Martin* v. *Barnhardt,* 39 Ill. 9.

It is apparent that if the word *defendant,* as used in the decree, had been used in the plural instead of the singular number, there would be no uncertainty in the decree. Its meaning would be plain and definite. From an inspection of the entire record it is manifest that the omission to use the letter " s " to the word *defendant,* was simply a clerical mistake. In a subsequent part of the decree, the master is directed to sell the interest of the " parties to the suit " in the estate. This fact leaves no doubt on the mind which word the court intended the clerk should use in entering up the decree, and the omission to use the word *defendant* in the plural number was simply a clerical mistake. So slight a mistake, when we can see from the context what was clearly intended by the court, ought not to vitiate and render void a judicial record. We are not left in doubt as to what word the court intended the clerk to use in entering up the decree, when we consider

all the recitals in the record, and especially the fact that the court decreed the sale of the entire interest of the " parties to the suit" in the mortgaged premises. These facts leave no doubt on the mind that the decree was, in fact, rendered against both of the defendants, and we ought not to reverse a decree, regular in all other respects, simply for the omission to add the letter " s" to the word *defendant,* in the description of the parties to the suit. It would be trifling with the forms of justice to entertain an objection so trivial and devoid of actual merit. *Laflin* v. *White,* 38 Ill. 340 ; *Thomas* v. *Warfer,* 1 Bibb, 261.

It sufficiently appears, from the recitals, that the decree in this instance was, in fact, entered against both of the defendants, and therefore regular.

It would conduce much more to the ends of justice to disregard entirely all such trivial objections. The better rule in all cases would be to regard only substantial objections, and especially to disregard those intangible objections that have no merit whatever. The omission to use a single letter, when the meaning can be clearly ascertained from the context, has never been held sufficient to vitiate and render void a judicial record.

No substantial error appearing, the decree must be affirmed.

*Decree affirmed.*