## Leonard J. Nichols

*v.*

## Charles Mitchell.

1. Partition—*mode of service as to minors.* If a proceeding for partition is by bill in chancery, it is indispensable to the jurisdiction of the court, that the summons should be served upon the minor defendants in interest, service on their guardians being insufficient. But if it is under the statute, service upon their guardian, by reading, is sufficient to give the court jurisdiction.

2. Same—*whether in chancery, or under the statute.* Where a decree of partition and a sale thereunder are questioned collaterally, the case will be considered as in chancery, or under the statute, whichever will sustain the jurisdiction of the court, to give stability to such sales.

3. Judicial sale—*irregularities when attacked collaterally.* If the court has jurisdiction to order the sale of land in a proceeding for partition, even though it proceeds irregularly in some matters, the decree and sale under it can not be assailed in a collateral proceeding.

4. Guardian's sale—*notice of application—change of term.* Where a guardian's notice of an application to sell his ward's land was to the April term of the court, but the term of court was changed from April to March, by an act of the legislature, it was *held,* that the application was properly made at the March term, the notice standing in the place, and performing the office, of process.

Appeal from the Circuit Court of Whiteside county; the Hon. William W. Heaton, Judge, presiding.

This was an action of ejectment, by Leonard J. Nichols by his next friend, Charles C. Nichols, against Charles Mitchell, for the recovery of the northeast quarter of section 13, township 21 north, range 5 east, in Whiteside county, Illinois.

The cause was tried by the court without a jury, who found for the defendant.

Mr. C. L. SHELDON, for the appellant.

Messrs. SACKETT & BENNETT, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Both parties claim title to the premises in controversy through a common source, and each claims to own the title that was in Norton J. Nichols, now deceased.

Appellant was one of the heirs, and has exhibited quit-claim deeds from the other heirs to himself, so that his title is perfect, unless it has been divested by the proceedings in partition, and the sale made by the guardian of Charles C. Nichols. It is claimed the lands were assigned, among others, to Charles C. Nichols in the division of his father's estate, and afterwards this tract was sold by his guardian under a decree of court. Appellee is the grantee of the purchaser at that sale, and the title thus acquired is now asserted as paramount title.

It is shown by the proof that Norton J. Nichols departed this life leaving three children, viz: Leonard J., Charles C., and Ameret Nichols. The latter died in infancy, subsequent to her father's death, leaving as her only heirs her two brothers and her mother.

The partition proceedings introduced in evidence were instituted by the widow, for the purpose of having her dower admeasured to her, and for partition of the estate between herself and the other heirs.

The principal objection taken to the validity of the proceedings in partition is, the court acquired no jurisdiction by

service of process of the persons of Leonard J., and Charles C. Nichols, and hence the division of the estate, it is said, was irregular, and without any binding force in law. The service that was had, was upon the guardians, and not upon the minors themselves, and whether that service was sufficient, depends upon the question whether the proceedings in partition were commenced by petition under the statute, or by bill in chancery. If in chancery, it is conceded it was indispensable the heirs should be made parties, and that there should have been service of process on them, in order to give the court jurisdiction, otherwise the whole proceedings would be *coram non judice.*

In case the proceedings are under the statute by petition, the mode of service is essentially different. The cause is to be placed on the law docket. The statute points out the mode in which the service shall be made, and requires that the summons to be issued shall be served by reading, as in common law cases. It is provided that all persons having an interest in any premises of which partition is sought to be made, or the guardians of such as are under age, who shall not have joined in the petition, shall have notice of such application by summons duly served, which summons shall issue against such persons by the name and description given in the petition. Revised Statutes 1845, p. 400, sec. 6.

In the case at bar, the names and interest of the minor defendants were correctly set forth in the petition, and their guardians made parties by appropriate descriptions. The summons was issued against the guardians by the names and descriptions given in the petition, and the service was both by reading and delivering a true copy. No reason is perceived why this was not good service, if we shall hold the proceedings were commenced and conducted under the provisions of the statute. It is material, then, to inquire whether the proceedings were under the statute or in chancery. The mode of procedure in either court is so near alike that some difficulty is experienced in determining which forum the

party has selected. He may have partition made by petition under the statute, or by bill in chancery. Either mode is proper.

In *Cost* v. *Rose*, 17 Ill. 276, it was held the party had elected to proceed in chancery, although the bill appeared to have been framed under the statute, for the reason it was addressed to the circuit court in "chancery sitting."

In *Goudy* v. *Hall*, 36 Ill. 313, it was said, in cases like the one at bar, where the court has both a statutory and a general chancery jurisdiction, the action of the court, when collaterally called in question, will be referred either to its general or statutory powers, as may be necessary to sustain its jurisdiction. No better rule than this can be adopted. It gives stability to, and confidence in, this class of sales. It is all important that purchasers at such sales should be protected, otherwise prudent men would be deterred from bidding, and the estates of minors would be sacrificed in the hands of reckless speculators, for no others would venture to invest their capital in doubtful titles.

It is said, this proceeding can not be under the statute, for the reason the dower act provides the widow, in case her dower is not assigned to her by the heirs, may file her petition in chancery. Without expressing an opinion on that question, it is a sufficient answer to this objection to say, the petition is for dower and partition. The dowress was herself the owner of one-sixth of the lands in fee, and could rightfully file her petition for partition. Whether the court had jurisdiction to assign dower or not, it did have jurisdiction to make partition of the estate, and could proceed to determine the rights of the parties.

Treating this as a petition under the statute, we must regard the service as sufficient to confer jurisdiction. The court having jurisdiction of the subject, and having acquired jurisdiction of the persons of the parties whose interests were to be affected, by service of process in the mode provided by law, and, notwithstanding the court may have proceeded

irregularly in some minor matters, in a collateral proceeding, like this, the decree, and the proceedings under it, must be held to be valid and binding on the parties in interest.

Subsequent to the partition, and after the lands in controversy had been assigned to Charles C. Nichols, an application was made, on his behalf, to the circuit court for leave to sell so much of the real estate as might be necessary for the maintenance of the ward. Leave was granted, and the lands sold as previously stated.

The petition was in the usual form, and contained every material averment necessary to confer jurisdiction upon the court. The most serious objection taken to the decree and sale thereunder is, that no notice of the intended application for leave to make the sale was given, as required by the statute. The objection, if founded in fact, would be a serious one, for it goes to the jurisdiction of the court.

The notice was to the April term, 1857, while the application was actually made at the March term preceding. This apparent irregularity is accounted for by the fact that by an act of the legislature, in force February 5, 1857, the time of holding courts in Whiteside county, where these proceedings were had, was changed from April to March, and all process previously issued, made returnable to the terms as fixed by that act. As a matter of fact, the court convened for that term on the 24th day of March in that year, and the notice had been published for the requisite number of times prior to that date, as shown by the publishers' certificate, and the finding in the decree. The notice, in cases like this, stands in the place of process, by which parties are brought into court, and, in analogy to process, it will be held to require parties interested to appear at the terms of court as fixed by law.

It is manifest, from the context, that the recital in the decree, the parties again appeared on the "3d day of March," is a mere clerical error. No doubt it was intended to write "3d day of April." This is plain from the other parts of the

decree itself. This court is not inclined to regard with favor such trivial objections, not affecting the jurisdiction of the court. So slight a mistake, when we can see from the context what was clearly intended by the court, ought not vitiate and render void a judicial record. *Hofferbert* v. *Klinkhardt*, 58 Ill. 450.

Very many objections have been taken to the decree and the proceedings had under .it, but none of them go to the jurisdiction of the court, and.can not, in a collateral proceeding, be regarded as affecting the validity of the sale. For this reason it is not deemed material to remark upon them severally.

Irregularities not affecting the jurisdiction of the court, have never been held to vitiate a judicial sale when attacked collaterally. *Mulford* v. *Stalzenback*, 46 Ill. 308.

This view of the case renders it unnecessary to consider the question raised, whether the interest of a tenant in common, in a portion of his· estate, can be alienated by the party himself, or by a judicial sale. Regarding the partition of the estate as valid, this question does not become material in the decision of the case.

On the evidence in the record, the finding of the court was clearly correct, and its judgment must be affirmed.

*Judgment affirmed.*