The People v. McLain et al.

THE PEOPLE OF THE STATE OF ILLINOIS, use, etc.

v.

M. C. McLAIN ET AL.

MASTER IN CHANCERY—FAILURE TO PAY OVER MONEY.—Scire facias was brought to assign new breaches on the bond of a master in chancery, for not paying over money received on a sale of lands under partition. The defendants contended that plaintiffs failed to show a decree of partition, and that the partition suit was not in equity. *Held*, that the proceedings in the case show that the partition suit was treated, all the way through, as a chancery proceeding, and the plaintiffs should not be defeated of their right to recover

by such an objection; that even if it is admitted that if the proceeding in partition had been a purely statutory one, the sureties on the bond would not be liable. a point which the court do not decide, yet the distinction is so nice between that and a chancery proceeding in partition, that the court in order to uphold the jurisdiction in a collateral proceeding will refer the case to the law or chancery side, as may be necessary.

APPEAL from the Circuit Court of Coles county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. D. T. & D. S. McINTYRE, for appellants; that the bill in the partition suit was in chancery, it being directed to the judge "in chancery sitting," and asking for summons against an infant defendant and the appointment of a guardian *ad litem*, cited Cost v. Rose, 17 Ill, 276; Nichols v. Mitchell, 70 Ill. 258.

Mr. ELI WILEY and A. M. PETERSON, for appellees; that preceding the order of sale the court should order a partition of the premises, cited Denning et al. v. Clark, 59 Ill. 218; LeMoyne v. Quimby et al. 70 Ill. 399.

There are two methods for partition, at law and in chancery; Louvalle v. Menard, 1 Gilm. 39; Greenup v. Sewell, 18 Ill. 50; Tibbs v. Allen, 27 Ill. 119.

The liability of sureties cannot be extended by implication: Field et al. v. Rawlings, 1 Gilm. 581; Sharp v. Bedell, 5 Gilm. 88; Governor et al. v. Lagow et al. 43 Ill. 134.

After a case is closed, it is not error for the court to refuse further testimony: Welsh et al. v. The People, 17 Ill. 339; Wilborn v. Odell, 29 Ill. 458; Sprague v. Craig, 51 Ill. 288.

LACEY, J.   This was an action by *scire facias* by appellants, to assign additional breaches on the official bond of M. C. McLain, master in chancery, judgment having been recovered on the bond.   The bond was in the penal sum of $10,000, signed by M. C. McLain and the other defendants, dated Nov. 17, 1871.   The additional breaches were filed by appellants Apr. 26, 1878, averring that the beneficial plaintiffs were the heirs of Philander Jones, who died seized of certain real estate

described, etc.  That at the May term of said Coles county Circuit Court, the said court decreed partition of the land in the suit of Fred W. Jones et al. v. W. W. Shaw.  That partition of the land was decreed, and the master in chancery ordered to make the sale.  That on the 3d day of July, 1871, the master did make the sale, the master being Michael C. McLain, and who received on said sale the sum of $3,215.00.  That it was received during his term of office, and that he failed to pay it over.  Among other pleas, defendants pleaded, it not being necessary to notice the other pleas:  "That there was no record of the supposed recovery.  That the proceeding mentioned in such breach was not a proceeding on the chancery side of the court, but a proceeding at law," etc.  On the 24th day of the May term of the court the cause was heard by the court, and on the 33d day the court found the issues for defendant, and gave judgment against plaintiffs for costs.  To reverse the judgment the cause is brought here.  The plaintiffs read in evidence to sustain the issues the decree of partition and sale, and the order that the master in chancery make the sale.  Also report of defendant McLain, the master in chancery, made at the Oct. term, 1873, showing a balance in his hands as master of over $1,000.  There was introduced the decree of court approving sale and ordering the master to pay over the money.  The objection urged by appellees in bar of recovery is that the appellants did not prove the averments of their assignments of breaches.  That they failed to show decree of partition, and that they also failed to show that the partition suit was in equity.  That the original bill in the partition suit was not read in evidence.

The only denial in defendant's plea that there was a suit of partition in chancery as set out in the breach, was that it was not a proceeding on the chancery side of the court, but a proceeding in law, not raising the question of fact, whether there was such a proceeding in fact, but whether it was in chancery or at law.  It was tendering an issue of law rather than a fact, hence the existence of the papers and record was not denied.  By an examination of the bill for partition, decree and master's report, there can be no doubt that the partition suit was on the chan-

cery side of the court. The case even, without the bill, sufficiently appears it is so treated by the court and by the master in his report of sale. If it be admitted, a point which we do not decide, that if the proceeding had been a purely statutory one, that the securities of the master would not be liable, yet the distinction is so nice between the chancery proceeding of partition, that the court, in order to uphold the jurisdiction of the court in a collateral proceeding, will refer the case to the law or chancery side of the court, as may be necessary. Nichols v. Mitchell, 70 Ill. 258. But taking the proceedings in this case, the decree of confirmation and of partition, and sale by the court and the report of master, it will be seen that the case was treated as one in chancery all the way through. The plaintiffs should not be defeated of their right to recover by such objections as these. The court erred in not rendering judgment on the assignment of breaches by plaintiffs for the amount shown to be due, by the evidence, the amount not paid over by defendant McLain, after allowing him his payments and all just charges. The judgment of the court below is therefore reversed and the cause remanded.

Reversed and remanded.