Charles Hagmann et al., Appellants, v. W. G. Schoelkopf, Appellee.

## Gen. No. 15,145.

1. CONTINUANCE—*when denial not ground for reversal.* The action of the court in denying a motion for a continuance predicated upon the absence because of illness of one of the parties to the cause will not reverse where the opposite party admitted that such person if present would testify to the facts set up in the affidavit for continuance.

2. TRIAL—*when argument of counsel improper.* *Held,* that while it was error to allow the attorney of one of the parties to argue to the jury as to the conduct of the justice of the peace on the trial before him, yet that such error being trivial would not reverse.

3. JUDGMENTS—*when not void for uncertainty.* Mere clerical errors will not vitiate a judgment nor will a judgment be held void where its certainty is apparent from an examination of the entire record.

4. APPEALS AND ERRORS—*when merits of controversy not subject to review.* In the absence of an exception preserved in the bill of exceptions to the action of the trial court in overruling a motion for a new trial, the merits of the controversy are not preserved for review.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed October 21, 1910.

MARCELLUS W. MEEK, for appellants.

E. A. ABORN, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

This action was commenced before a justice of the peace, and by appeal from the judgment rendered there it was re-

moved to the Circuit Court. On the trial in that court a judgment was entered for the defendant for $104.63, being for defendant's set-off $86.64 with interest, and plaintiffs prosecute this appeal to reverse the judgment.

It is urged that the trial court erred in refusing to grant plaintiffs' application for a continuance on February 19, 1908.

It appears from the record that when the cause was called for trial on February 18, 1908, a motion was made by the plaintiffs to continue the cause on the ground that Charles Hagmann, one of the plaintiffs, was ill. In support of the motion a physician's certificate was presented to the court dated February 18, 1908, as follows: "Chas. Hagmann is ill with la grippe and cannot leave the building. He has a high fever. E. E. Smith, attending physician." The court granted a continuance of the cause until the next day ·on terms. On February 19, 1908, the case was again called for trial, and plaintiffs moved the court for a continuance and presented the same physician's certificate in support of the motion and also the affidavit of G. E. Mead as follows:

"Affiant deposes that he is agent and bookkeeper for plaintiffs; that Charles E. Hagmann is the only member of plaintiffs' firm familiar with all the circumstances of this cause and that said Hagmann and this affiant were the only witnesses who testified at the trial of this case in the Justice Court; that said Hagmann, if able to attend this trial, would testify that defendant occupied plaintiffs' office and shop for six months or more in 1903 and agreed to pay rent for same and also .agreed to pay for light and fuel. Hagmann would also testify that plaintiff furnished to defendant certain material and that there is now due to plaintiffs from defendant $75 after deducting defendant's credits.

That Hagmann would testify there is now due to plaintiffs $15 for commission on the sale of defendant's trimotor.

That upon plaintiffs procuring a purchaser for said trimotor, defendant took from plaintiffs' charge the consummation of said sale and accepted different terms than those agreed upon; that plaintiffs have a good and meritorious cause of action and that same will be irreparably prejudiced

if said Hagmann is not present at the trial thereof, and that the foregoing facts cannot be proved, by any other witnesses; that affiant knows of his own knowledge that Hagmann is ill and cannot leave the building without danger to his health."

The defendant admitted that Hagmann would testify to the facts set up in the affidavit, if present. The motion was thereupon denied. We do not think the court erred in denying the motion for a continuance.

We think it was error to allow the defendant's attorney to argue to the jury as to the conduct of the justice of the peace on the trial before him. This had nothing to do with the issues before the jury. But the error was trivial and not reversible.

It is urged that the judgment rendered in this cause against the plaintiff, when there were two plaintiffs, is void for uncertainty. The judgment is certain as to the person in whose favor it was rendered and who is entitled to the money, and we think it is also clear from the record that the defendant in the cause is entitled to the money from the plaintiffs who sued as co-partners. The judgment is based on the plea of set-off and the evidence introduced in support thereof. "It is the duty of the appellate court rather to regard the substance only, and not mere form; but still there must always be in the record enough to show what was intended to be decreed. Martin v. Barnhardt, 39 Ill. 9." Hofferbert v. Klinkhardt, 58 Ill. 450.

It is apparent from the record that if the word plaintiff, as used in the judgment, had been used in the plural instead of in the singular number, there would be no uncertainty in the judgment. Its meaning would be plain and definite.

From an inspection of the entire record it is manifest that the omission to use the letter "s" at the end of the word plaintiffs was simply a clerical mistake. This does not vitiate or render void a judicial record. Hofferbert v. Klinkhardt, *supra*. This point as to the verdict was not made in the court below, and cannot therefore be raised here. No assignment of error covers it.

Inasmuch as no exception was preserved in the bill of exceptions to the action of the trial court in overruling the motion for a new trial, the merits of the controversy are not brought before us for review. Pottle v. McWorter, 13 Ill. 454; Boyle v. Levings, 28 *id.* 314; McClurkin v. Ewing, 42 *id.* 283; Gill v. People, 42 *id.* 321.

The judgment is affirmed.

*Affirmed.*