# NELSON MASON *et al.*

## *v.*

## JOSEPH M. PATTERSON *et al.*

1. DECREE — *construed as to whether sale under passed title of one or two defendants.* Where a creditor's bill sought to subject the equitable interest of A and B in land to sale for the payment of their debts as members of a firm, and the decree ordered the sale of the property as prayed for, and directed, that the master "upon the sale of said premises, or any part thereof, make, execute and deliver to the purchaser or purchasers thereof a deed of conveyance, conveying to the purchasers thereof all the right, title and interest in said premises conveyed by the said A, in and by the several trust deeds set forth in said original and cross bills herein," etc.: *Held,* that the direction to the master could not have the effect to make the decree for the sale of A's interest only, but that the reference to the deeds of trust was simply to identify the property to be sold, and that a purchaser under said decree acquired the interest of both A and B, and succeeded to their equitable right to enforce the execution of a deed from the party holding the legal title.

2. SAME — *whether made in term time or in vacation.* Where a decree is entitled as of a certain term of court, and is so certified in the record, this will be conclusive evidence that the decree was made in term time and not in vacation, and the record cannot be impeached.

3. CHANCERY — *evidence not necessary as to defendant defaulted.* Where an adult defendant is in court and is defaulted for failing to answer in pursuance of a rule of court, a decree may be rendered against him without evidence; but when the decree recites that the cause was heard upon the pleadings and proof, and also upon the agreement of the parties filed, the recital of a hearing upon proofs is conclusive in a collateral proceeding.

4. ESTOPPEL — *by decree rendered on default.* Where a creditor's bill is filed to subject to sale the equitable title of A and B in real estate, owned by them under a contract of purchase from C, and the cross-bill filed in the cause, C being a party duly served, alleges full payment of the purchase money by A and B to C, and C suffers a decree against him by default, and the interests of A and B are sold under the decree, on bill by the purchaser against C to compel a conveyance of the legal title, the latter will be estopped by the default from asserting that he has any claim on the land for purchase money, or for any other cause.

APPEAL from the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

This was a bill in chancery, filed by Joseph M. Patterson, William L. Patterson, J. Bradley Crandall, Eliza Crandall, Ansel A. Terrell, John Charter and Simeon Sampson, against Nelson Mason and Robert Cochran, for the specific performance of a contract for the sale and conveyance of lot 1 in block 39, west of Broadway, in the city of Sterling, Whiteside county, Illinois, made by Nelson Mason to Allen G. Schenck. It appeared that Schenck transferred one-half of his interest in the contract to his partner B. G. Wheeler. On a creditor's bill against Wheeler, Schenck and Mason, the equitable interest of Wheeler and Schenck was found, and their interest ordered to be sold. The premises were sold under this decree, when Silas R. Wilson became the purchaser of a part thereof, and James Galt of the balance. The complainants derive their title through this sale by mesne conveyances from Wilson and Galt. On the hearing the court decreed that Mason convey the premises to the complainants within sixty days, etc. From this decree Mason and Cochran appealed.

Messrs. DINSMOOR & STAGER, for the appellants.

Messrs. KILGOUR & MANAHAN, and Mr. JAMES M. WALLACE, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

While this case is not entirely free from doubt, we are of opinion the decree may be maintained on the facts proven.

Appellees, claiming to be the equitable owners of the real estate which is the subject of this litigation, filed their bill against appellants to compel a conveyance to themselves of the legal title that was alleged to be in Robert Cochran.

Nelson Mason was formerly the owner in fee simple of this property. On the 28th of January, 1857, he sold it to Allen Schenck, one of the two members constituting the firm of B.

G. Wheeler & Co., bankers, doing business in Sterling. Schenck afterward sold an undivided one-half interest to his partner, Wheeler, and made an assignment to that effect on the back of the contract he held from Mason. No deed was ever made to them, but the legal title was afterward conveyed by Mason for a fraudulent purpose to his son-in-law, John A. Bross, who made a will devising it back to him. Pending the proceedings to subject this property to the payment of the debts of Wheeler & Co., to which he was made a defendant, Bross died, leaving a widow and one child surviving. Although leave was obtained for that purpose, the cause was not revived as to the widow and heir. But afterward, by a sale made in pursuance of a decree of court made in a cause to which the widow and heir of Bross were made defendants, Mason became again reinvested with the legal title in the property. This latter proceeding was perhaps nothing more than a device adopted and conducted in the name of certain alleged creditors to get the legal title out of the heirs of Bross. None of the appellees were parties to that proceeding, nor does it appear they had any knowledge of its pendency.

In order to a clear understanding, it will be necessary to recur to some of the principal facts connected with the origin of appellees' title. On the 18th day of May, 1858, Buel G. Wheeler and his wife executed and delivered to Mason, as trustee, to secure him and other parties named as indorsers on the paper of Wheeler & Co., a trust deed on this lot, with other real estate. At the same time Schenck assigned to Mason for a like purpose his interest in the contract for a deed of the lot purchased of him, and Wheeler on that or a future day assigned all his interest in that contract to Mason.

Wheeler & Co. having failed, and a part of the indebtedness referred to in the trust deed not having been paid, the holders instituted proceedings in the Whiteside circuit court to subject all the property assigned to Mason to the payment of their claims. Other creditors of Wheeler & Co. came in

25—74TH ILL.

and asked to become complainants with a view of having their claims paid out of the trust property. A change of venue was awarded and the cause sent to Stephenson county, where a decree was rendered directing a sale of all the property assigned to Mason, or so much of it as might be necessary for that purpose, to pay the creditors of Wheeler & Co. The title obtained by the purchasers at the sale made under that decree is now held by appellees. There is no pretense the conveyance by Mason to Cochran was in good faith. Being a resident of another State, it was made to him with a view to transfer the litigation, in regard to the property, into the United States court.

A great number of objections have been taken to the validity of the decree under which appellees claim to have acquired the equitable title to the premises, but it is not deemed necessary to consider all of them.

It is contended the decree did not direct the sale of the interest of Allen Schenck in the property. The construction sought to be given the decree is not warranted. It will be observed the prayer of the bill is for the sale of the interest of both Wheeler and Schenck in the lot, and the decree following the prayer of the bill directs the sale of the entire property. The recital at the close of the decree, the master " upon the sale of said premises or any part thereof, make, execute and deliver to the purchaser or purchasers thereof a deed of conveyance, conveying to the purchasers thereof all the right, title and interest in said premises, conveyed by the said Buel G. Wheeler and Helen C. Wheeler to the said Nelson Mason, in and by the several trust deeds set forth in said original and cross-bills herein," is a mere matter of description. The entire lot was described accurately in the trust deeds set out in the original and cross-bills, and, doubtless to avoid the restatement of an extended description, reference was made to the trust deeds of Buel G. Wheeler for a description of the property the special master was to convey on making the sale as before directed. It plainly appears from the context, the

court ordered the sale of the entire estate of all the parties in interest who had been made defendants. The case of *Hoffer-bert* v. *Klinkhardt*, 58 Ill. 450, is an authority that favors in some degree this construction.

But if there was a defect in the decree in this regard, appellees have since this suit was commenced obtained a deed from Schenck for any interest he may have had in the property, and set it up by way of an amended or supplemental bill. This places his title, whatever it was, in appellees, and that is sufficient to authorize them to maintain this bill as against Mason and all persons claiming under him.

The suggestion the decree was made in vacation has no foundation in fact. It is entitled as of the December term, 1866, and is so certified in the record. This is conclusive, and we will not permit the record to be impeached.

It is said it does not appear the cause was ever heard by the court. There was a stipulation signed by a part of the defendants to the effect, the decree might be entered at the December term, 1866, or in vacation. Mason did not sign this stipulation. But at a previous term he was ruled to answer at a succeeding term and, failing to do so, was defaulted. He was in court by service of process. The decree recites, the cause was " heard upon the pleadings and proofs filed herein, and also upon the agreement of the parties filed herein." This was all and even more than the law required the court to do. It was in the power of the court to render a decree against all adult defendants upon default, without evidence. But it did not choose to do this. Proofs were heard, and the recital in the decree to that effect cannot be challenged in a collateral proceeding.

The only questions in the case of any considerable moment are, whether there was any thing due Mason from Wheeler and Schenck, or either of them, for the balance of the purchase money for the property, or whether there was any thing due him for expenses incurred in the execution of the trust.

The weight of the evidence indicates the entire purchase

money was fully paid. Confessedly, it was all paid unless it was the last installment. That, however, was credited to him on his bank pass-book by Wheeler & Co. But he says he only drew a few checks on the bank after that credit was given, and the balance never was paid. On this question the testimony is conflicting. Wheeler and Schenck both testify it was paid. The bank-book bears unmistakable evidence that some leaves are missing. It had been balanced and checks returned to March 5. At that date the balance of the account was $81.61, which was entered as a credit to the depositor. On June 16, the full amount of the last installment, $324.90, due on the contract, was credited on the pass-book under the item of $81.61. The account appears to have been again balanced. The bank was debtor to the amount of the last two items, $406.51, but there are no corresponding credits for checks returned.

These facts make it incumbent on appellant to offer some satisfactory explanation of the condition of the pass-book, which we do not think the record contains.

But whatever may be the fact as to the payment of the balance of the purchase money, we are of opinion Mason is estopped by the proceedings had in the Stephenson county circuit court, to say it was not. Both the original and the cross-bills allege full payment of the contract price of the land sold to Wheeler and Schenck, and the default admits the truth of the allegation. An opportunity was afforded Mason to assert whatever rights he had in the premises, and if he had not been paid, to insist upon his claim. But having failed to do so, the law will not permit him to assert the contrary against *bona fide* purchasers under that decree over his solemn admission, by the default upon the record, that he had been fully paid the purchase money for the land.

This view is conclusive against the claim now insisted upon for expenses in the execution of the trust under the trust deed. It is too late to advance such a claim against remote grantees of the purchasers under that decree. If he had any equities in

the premises, he should have had them adjusted in the former litigation. Superior equities have obtained in appellees that must prevail.

After a most careful consideration of all the points raised, we are of opinion the decree must be affirmed.

*Decree affirmed.*