## BOARD OF SUPERVISORS OF MADISON COUNTY

*v.*

### IRWIN Z. SMITH.

*Filed at Mt. Vernon June 14, 1880.*

1. DEFAULT—*of its effect in admitting cause of action.* A default admits the facts alleged against the defendant to be true, but does not admit that those facts constitute a cause of action. So, if, upon default, it be found that the facts alleged do not give a right of recovery, final judgment should not be entered against the defendant.

2. TAXATION—*assessment—right to pay only upon what a party owns—requisites of petition for relief.* Where a party who has been assessed upon a certain portion of a tract of land, according to his claim of ownership, seeks relief against a forfeiture of his land to the State for a refusal to pay taxes upon the entire tract, he should show by his petition the distinct part of the tract of which he claims to be the owner, so that it may appear upon what portions the respective owners are to be liable.

3. SAME—*forfeiture to the State—power of county board to set it aside.* Where land has become forfeited to the State for non-payment of taxes, a county board has no power to set the forfeiture aside.

4. SAME—*abatement of taxes—by whom.* A county board has no power to make an abatement of taxes legally assessed, extended and placed in due course of collection. If a party is aggrieved by an over assessment he should apply to the board of review to have it corrected, or to the July session of the board, under the 97th section of the Revenue law.

APPEAL from the Circuit Court of Madison county; the Hon. WM. H. SNYDER, Judge, presiding.

Mr. CYRUS L. COOK, for the appellants:

The court should not have granted the writ of *mandamus* on a default taken and without the hearing of evidence, the petition not showing a *prima facie* case, such as entitles the petitioner to the writ or relief sought. The taking of the default against the defendant does not of itself entitle him to the writ. The petition must show a *prima facie* case or it will not be granted. The courts will refuse to grant the writ, even after the finding of a jury on the facts alleged, if the petition does not show a proper case. The granting of the writ, even where it might be a proper remedy, is yet within the sound discretion of the court. *The People ex rel.* v. *Lieb*, 85 Ill. 485; *The People ex rel.* v. *Hatch*, 33 id. 140; *Christman* v. *Peck*, 90 id. 150; *The People ex rel.* v. *Commissioners of Highways*, 52 id. 498.

The writ does not issue as a matter of course,—is not granted as a matter of absolute right.

In the case of *The People ex rel. Phillips* v. *Lieb*, 85 Ill. 490, this court say : " A *mandamus* should not issue in any case unless the party applying for it shall show a clear legal right to have the thing sought by it done, and in the manner and by the person or body sought to be coerced, and must be effectual as a remedy if enforced, and it must be in the power of the party, and his duty also, to do the act sought to be done, and the writ is never awarded unless the right of the relator is clear and undeniable, and the party sought to be coerced bound to act." In the same case this court say : " The writ of *mandamus* is not granted as of absolute right in all cases, and the exercise of the jurisdiction in granting it rests to a considerable extent in the sound discretion of the court," and make reference to the cases of *The People ex rel.* v. *Hatch*, 33 Ill. 140, *The People* v. *Dubois*, id. 9, *The People* v. *Chicago and Alton Railroad Co.* 55 id. 95,

*Menard* v. *Hood*, 68 id. 121, *The People* v. *Illinois Central Railroad Co.* 62 id. 510, *Universalist Church* v. *Columbia Township*, 6 Ohio, 446, *The People ex rel.* v. *Commissioners of Highways*, 88 Ill. 141, *Christman* v. *Peck*, 90 id. 150, and *The People ex rel.* v. *Shurtz*, 52 id. 503.

The judgment of the court below is erroneous in requiring the county board to cancel the forfeiture of certain real estate, a thing they have no power whatever to do. There is no provision of law giving the board any control over the matter of forfeiture. The petition asks that the writ issue to compel them to "cancel the forfeiture," and the court so orders, and grants a peremptory writ of *mandamus* compelling them to do it. This, too, after the land had been forfeited to the State for two or three years. The statute provides that after judgment against land for taxes in the county court, it shall be advertised and sold by the collector, and if there are no bidders it is struck off to the State,—becomes forfeited to the State. Rev. Stat. 1874, page 891, sec 203.

The writ requires, now, the board to cancel this forfeiture. It might, with equal propriety, require them to vacate the Supreme Bench.

The petition asks and the order of the court below requires the board to make an abatement of the assessment of petitioner's real estate for the years 1876 and 1877, a thing not in their power to do at the time the writ was granted.

The petition asks for impossibilities, and for nothing whatever that the board are competent to do, and the judgment of the court is, that the board, in accordance with the prayer of the petition, be compelled, first, to abate the assessments for the years 1876 and 1877, and second, to cancel the forfeiture of said lands to the State. How can the county board review and correct assessments of property *already forfeited* to the State, as averred in this petition? The petitioner should have resisted judgment in the county court against his lands, and appealed from it to this court. See Rev. Stat. 1874, page 890, secs. 192 and 193. In this way he could have prevented

the forfeiture of which he complains, and have obtained all the redress necessary. The power of the board in this matter is simply that of reviewing and equalizing assessments and adjusting matters of grievance when the application is made to them at the proper time, a time fixed by law, after the annual assessment and previous to application for judgment in the county court. See Rev. Stat. 1874, page 873, sec. 97.

This matter, even when the application is made to the board at the proper time, is a matter entirely in their discretion,— they are not bound to grant the relief desired unless they see fit. The statute reads: "They shall, on the application of any person considering himself aggrieved, review the assessment and correct the same as shall appear to be just." Rev. Stat. 1874, p. 873, sec. 97. A matter evidently in their discretion.

There is another inconsistency we desire to notice. They ask the abatement of the assessment for the years 1876 and 1877, and still the petitioner states that the assessment was correct.

The court, therefore, should have set aside the default, the petition failing to show even a *prima facie* case. *Union Hide and Leather Co.* v. *Woodley*, 75 Ill. 435.

Mr. D. GILLESPIE, for the appellee:

The appellants in this case voluntarily permitted a default to be entered against them, and thereby impliedly admitted that the demand was just, and that they had no defence. *Lucas* v. *Spencer*, 27 Ill. 17; *Mansfield* v. *Hoagland*, 46 id. 359.

As to the manner provided in the statute for an abatement of an assessment for taxes:—

Section 86, Revenue chapter, Rev. Stat. 1874, p. 871, provides, in counties under township organization the assessor, clerk and supervisor shall meet on the fourth Monday of June for the purpose of reviewing and correcting the assessment, etc.

Property assessed after the fourth Monday of June to be subject to complaint to county board.

The next remedy is to the county board at their meeting on the second Monday of July. See section 97, act of 1877, 829.

In this case, according to the statement in the petition, application was made to the board of review, and also to the board of supervisors, by the petitioner, for relief. This was all that he could do. In the case of *Adsit* v. *Lieb*, 76 Ill. 201, it was held if a party did not avail himself of these opportunities he must bear the consequences.

In the case of the *National Bank of Shawneetown* v. *Cook et al.* 77 Ill. 622, it is decided that after an assessment for taxation has been made, etc., and taxes extended thereon, and the books in the hands of the collector, even if the county board has any legal authority to change the assessment, it certainly has no power to make such a change to the detriment of the tax-payer, without notice to him. This decision seems to indicate that the county board might give relief. No other power can.

It is insisted that the granting of the writ of *mandamus* is a matter of discretion. All the cases referred to on this point are where there was a contest in the court below.

It is also insisted that it was the duty of the court to have heard evidence, although there was a default. This is not in accordance with the plain terms of the statute.

As to the right to have the default set aside, the appellants had plenty of time to answer the petition. The demurrer was sustained at the March term, A. D. 1878, amended, and continued to October term, 1878. And it was then only on the fourth day of the term that the default was taken. No sufficient excuse was shown to the court, and it therefore refused to set aside the default.

In the case, referred to by appellants, of the *Union Hide and Leather Co.* v. *Woodley,* 75 Ill. 435, the essence of that decision is, that when there has been negligence the court

will not set aside a default, although injustice may have been done.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an application for a writ of *mandamus.* The petition alleges that appellee was the owner of claim 594, section 616, township 3, range 10, in the county of Madison, containing one hundred acres. That before the first day of May, 1875, he sold twenty acres to the Chicago, Alton and St. Louis Railroad Company, and to other railway companies, and these grantees then and ever since have been the owners thereof; that the town assessor, in 1876, was informed by petitioner that he was the owner of only eighty acres of the tract, and the assessor so listed it for taxation; that he attended the meeting of the board for the correction of errors in assessments for taxation for that town, and found it listed as eighty acres; that the town collector refused to accept the *pro rata* amount due on this eighty acres, but demanded the taxes on one hundred acres, and because of the nonpayment of the taxes on the whole tract, it was forfeited to the State.

The petitioner, in 1877, gave to the assessor the same information, and the land was listed as an eighty acre tract, and he in like manner attended the board for the correction of errors in assessments, and found it listed as eighty acres. But the collector of taxes for the town demanded of petitioner the entire amount of taxes on the one hundred acres, and refused to accept the taxes on eighty acres of the tract; that by his attorney he petitioned the county board to abate the taxes *pro rata* on the tract of land, but the board refused.

Petitioner prays that the board be compelled to make the abatement for the years 1876 and 1877, and to cancel the forfeiture on the receipt of the taxes *pro rata* on the eighty acres.

The board of supervisors failing in anywise to answer, they were defaulted. At the same term of the court a motion to

set aside the default was entered, and was overruled at a subsequent term of the court, and a peremptory writ was awarded to compel the county board to make the abatement and vacate the forfeiture; and the board appeals, and urges a reversal.

The default admits the facts averred in the petition to be true, but does not admit that the facts in law entitle petitioner to relief. If the facts thus admitted to be true do not authorize or require the relief, the court has no power to grant it. Plaintiff, on a default, is not entitled to a judgment unless he, by his declaration, has shown a right of recovery. If, on looking through the record, the court sees that there are grounds for arresting the judgment, the court should refuse judgment, notwithstanding the default.

To recover, the plaintiff must show a sufficient cause of action, and this is true whether there be a trial or a default. The default confers no more rights than a finding of a jury. And all know that if the facts found by a jury do not authorize a recovery, the court will refuse to enter a judgment. So, in this case, if the facts averred in the petition do not authorize the relief sought, the judgment must be reversed.

There are grave objections to granting the relief prayed. The petition does not specify what portion of the one hundred acre tract is embraced in the twenty acres sold. It does not describe the eighty acres nor the twenty acres as separate and distinct tracts. The State and county municipalities, for anything that is shown, are entitled to their taxes on one hundred acres, and being so entitled they can not be required to accept the taxes on but eighty acres, or only four-fifths of the amount in full for the taxes on the one hundred acres. The petition fails to show that the collector can receive the taxes on eighty acres as a distinct part of the tract and hold a specified twenty acres for the balance of the tax.

There is, however, another and insuperable objection to granting the writ. Petitioner asks that the county board be required to set aside the forfeiture. It is manifest that the

board has no such power.   When the land was stricken off to the State at the collector's sale it became the purchaser. And this is nevertheless true whether it be called a purchase by the State or a forfeiture to the State.   No one, we apprehend, would contend that if one person obtains a judgment against another in the circuit court, sues out execution, sells lands of the defendant and purchases them, that the defendant could, with any pretence of legal right, go before the county board and demand that it set aside the sale, and on refusal could compel that body to do so by *mandamus.*   And in principle, is there any difference in such a case and the present?  Here, lands were assessed for taxes; they were not paid and the land was returned as delinquent; application was made to the proper court, and a judgment rendered that the land be sold for the payment of the taxes.   Under the judgment the proper officer offered the land for sale and it was struck off to the State as a purchaser.   By what authority can the county board interfere to set aside that sale?  If any power exists anywhere it is in the court rendering the judgment and ordering the sale.   But the board has no more power to do so than a justice of the peace or a constable.   In requiring the county board to cancel the forfeiture of the land to the State there was palpable error.

Again, we are not aware of any power in the county board to make any abatement of taxes legally assessed, extended and placed in due course of collection.   If a party is aggrieved by an over assessment he should apply to the board of review to have it corrected, or to the July session of the board, under the 97th section of the Revenue law.   But when property has been assessed and the tax extended and the books placed in the hands of the collector, we are aware of no law authorizing the board to make any abatement.   Or even after its session on the second Monday in July.

The General Assembly has conferred no power on the board to abate State, or other than county taxes, and we are not informed of any express authority for that body to abate

county taxes. If the county board may abate State and other municipal taxes in one case, they may in all cases. If they may do so for one reason they may for any reason or without reason, and thus defeat the collection of all revenue. The board has no interest in or control over any tax levied for State or municipal purposes except for county purposes, and hence has no right to intermeddle with its collection, nor can it be compelled to interfere.

For the errors indicated the judgment of the court below is reversed.

*Judgment reversed.*