## Jackson Union Telephone Co. v. Ava and Southern Illinois Telephone Co., et al.

1. JURISDICTION—*Conferred on Equity Where an Injury is Irrepa-rable.*—Where a threatened injury to a party is very great, in its nature irreparable, and the one who threatens the injury is wholly insolvent, there can be no adequate remedy at law, and the facts are sufficient to confer jurisdiction upon a court of equity.

2. CHANCERY PRACTICE—*Bill Taken for Confessed, Introduction of Evidence in the Discretion of the Court.*—Where a bill has been taken for confessed, the introduction of evidence is wholly within the discre-tion of the court and the court is not bound to require the production of any evidence. It is sufficient if the facts alleged in the bill and con-fessed by the default are sufficient to support a decree.

**Bill for an Injunction.**—Error to the Circuit Court of Jackson County; the Hon. OLIVER A. HARKER, Judge, presiding. Heard in this court at the August term, 1901. Affirmed. Opinion filed August 3, 1902.

H. F. BUSSEY, attorney for plaintiff in error.

R. J. MCELVAIN, attorney for defendants in error.

536     APPELLATE COURTS OF ILLINOIS.

VOL. 100.] Jackson Union Tel. Co. v. Ava & Southern Illinois Tel. Co.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

In January, 1900, a temporary writ of injunction was issued out of the Circuit Court of Jackson County against plaintiff in error, at the suit of defendants in error, to restrain plaintiff in error from severing certain telephone connections existing between the lines of defendants in error and those of plaintiff in error under certain contracts for mutual service. A motion was filed on behalf of plaintiff in error to dissolve the injunction, and the contentions urged in support of the motion were: Want of a sufficient injunction bond, want of equity on the face of the bill, and that there is an adequate remedy at law. This motion was overruled. At the September term, the same term at which the court denied the motion to dissolve, a rule was entered against plaintiff in error to answer the bill by the fourteenth day of the following January. Plaintiff in error failed to answer to the rule, and on the twenty-first day of January was duly defaulted. On the twentieth of April final decree was entered upon the bill, exhibits and judgment of default. The decree makes the temporary injunction permanent until the expiration of the twenty-year term specified in the existing contracts.

Plaintiff in error relies for a reversal upon the alleged insufficiency of the injunction bond, the contention that there is an adequate remedy at law and no equity upon the face of the bill, and that the final decree is not supported by evidence.

This is not an appeal from the interlocutory order of the court denying the motion to dissolve the temporary injunction for want of a sufficient injunction bond. That feature of the case is in no manner involved in the final decree. If the final decree, as rendered against plaintiff in error, is a proper decree, then it is no longer material as to the bond; for, assuming that the court did err in respect to its sufficiency, such error has not damnified plaintiff in error.

The threatened injury to appellees is very great, is in its nature irreparable, and plaintiff in error, who threatens the injury, is wholly insolvent. In such case there can be

no adequate remedy at law.   These facts, with others set out in the bill, are sufficient to confer jurisdiction upon a court of equity.

The final decree in this case was rendered upon the bill, exhibits and judgment of default.   Counsel for plaintiff in error contends that this is not sufficient to support the decree; that there should have been other evidence.   Sec. 18, Chap. 22, Hurd's Revised Statutes, 1899, provides :

"Where a bill is taken for confessed, the court, before final decree is made, if deemed requisite, may require the complainant to produce documents and witnesses to prove the allegations of the bill."   *   *   *

This section of the statute does not require the production of any evidence where the defendants have made default, but leaves the matter wholly to the discretion of the court.   In Farnsworth v. Strasler, 12 Ill. 482, it is said :

" It has been already decided by this court, in the case of Manchester et al. v. McKee, Exr., 4 Gil. 511, that where a bill has been regularly taken for confessed it can not be assigned for error that the averments to it were not proved. The party can not be allowed to deny what he has, in contemplation of law, confessed to be true."

It is wholly within the discretion of the court whether any evidence is required.   The court is not bound to require the production of any evidence.   It is enough if the facts alleged in the bill and confessed by the default are sufficient to support the decree.   Manchester et al. v. McKee, Exr., 4 Gil. 511; Boston v. Nichols, 47 Ill. 353; Mason et al. v. Patterson et al., 74 Ill. 191.

In this case the allegations of the bill, the exhibits which were the contracts between the parties, and the default of plaintiff in error, are abundantly sufficient to support the decree.

The decree of the Circuit Court is affirmed.