**Rosalie B. Griswold et al. (Henrietta Vanderpoel, Appellant), v. William C. Heinroth et al., Appellees.**

**Gen. No. 5089.**

1. BILLS OF REVIEW—*when affidavits proper upon motion to dismiss; when not.* If a bill of review is filed for the purpose of attacking a decree for errors apparent, affidavits in opposition to a motion to dismiss are inappropriate. If, however, the bill is only interposed by reason of matters outside of the record, such affidavits are proper and may be considered by the court.

2. BILLS OF REVIEW—*when leave to file essential; when not.* A bill of review which charges errors apparent upon the record may be filed without leave of court, but a bill of review predicated upon matters outside of the record can only be filed upon leave previously granted by the court.

3. BILLS OF REVIEW—*when dismissal proper.* A bill of review filed without leave of court which does not show errors in the decree attacked which pertain to the complainant's interests, is properly dismissed; likewise is such a bill properly dismissed if so filed without leave of court if it appears that in so far as it relies upon matters outside the record the complainant therein and the complainant's attorney were chargeable with gross negligence.

Bill of review. Appeal from the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 11, 1910.

**Statement by the Court.** This is a bill of review brought on April 4, 1908, by Rosalie B. Griswold, personally, and as executrix under the will of Sylvia E. Burnham, deceased, Henrietta Vanderpoel, George E. Dawson, as trustee, James H. Van Vlissingen and the Winthrop Harbor & Dock Company against William C. Heinroth and numerous other defendants, seeking to review a decree entered April 6, 1903, on a bill to foreclose a mortgage and trust deed in the Circuit Court of Lake county. The bill of review was removed from the files of the court by unknown parties and cannot be found, but a copy was supplied by leave of

court. The complainants were unable to set forth in
the bill of review, the bill in the original foreclosure
proceedings, for the reason it also had been removed
from the files by unknown parties, but in lieu of the
bill what is alleged to be an abstract of it, from the
records of the Lake County Title & Trust Company,
is set forth in the bill. The defendants in an affidavit
filed by them on a motion to dismiss the bill of review
produce what is sworn to be an exact copy of the origi-
nal bill of foreclosure.

The facts material to the bill of review out of which
this litigation arose are: On December 28, 1902, Will-
iam J. Knight executed a note payable to Wm. M.
Hoyt for the sum of $20,000, the payment of which
was secured by a mortgage of the same date, recorded
December 29, 1892, conveying to Hoyt as mortgagee,
lot two, the east fraction of lot one, and the west half
of lot one of fractional section two, being all of frac-
tional section two; also all of fractional section eleven,
all in township forty-six, range twelve, in Lake county,
which will hereinafter be designated as the "Knight
lands." Subsequent to 1892, Knight conveyed his
equity to the Winthrop Harbor & Dock Company,
which assumed the payment of the $20,000 note. Prior
to the year 1900, the Winthrop Harbor & Dock Com-
pany which will hereinafter be designated as the
"Dock Company" had acquired title to other real
estate, contiguous to the Knight lands, which will be
hereinafter designated as the "subdivided lands."

On March 13, 1900, the Dock Company executed six-
teen principal promissory notes, payable to the order
of itself five years after date, for amounts varying
from $500 to $4,500 each. Each of these notes was
secured by a trust deed of the same date on parcels of
the subdivided lands, a separate trust deed securing
each note; these trust deeds were recorded May 5,
1900. Sylvia E. Burnham was the indorsee and owner
of six of these notes, and Rosalie B. Griswold was the

indorsee and owner of the remaining ten.notes, all of which were unpaid at the time of foreclosure.

On June 11, 1900, the Dock Company executed three principal notes, one for $7,500, one for $10,000 and one for $12,000 each payable to the order of itself, indorsed by the Dock Company and due five years after date. It is alleged in the bill of review that these notes, at the time of the beginning of the foreclosure suit, were the property of Henrietta Vanderpoel, and that she was the unknown owner of them at that time. The $7,500 note was secured by a trust deed to the Security Title & Trust Company, as trustee, on all of fractional section two of the Knight lands. The $10,-000 note was secured by a trust deed to the same trustee on the north half of fractional section eleven of the Knight lands. The $12,000 note was secured by a trust deed to the same trustee on the south half of fractional section two of the Knight lands. These trust deeds were all recorded July 18, 1900.

On October 1, 1900, the Dock Company executed a note for $15,000 payable to the order of itself ninety days after date and twelve notes for amounts varying from $600 to $900 each payable to the order of itself ninety days after date. On November 26, 1900, the Dock Company executed twenty-eight notes, twenty-seven being for $600 each and one for $700, all payable to the order of itself March 1, 1901. These notes were all indorsed by the Dock Company. At the time of the beginning of the foreclosure suit Rosalie B. Griswold and Sylvia Burnham were the unknown owners of the twelve notes, each owning part of them, and Caroline Roth was the unknown owner of the twenty-eight notes. On January 31, 1901, the Dock Company, to secure the $15,000 note dated October 1, 1900, on which $2,875.55 had been paid, the twelve notes dated October 1, 1900, the twenty-eight notes dated November 26, 1900, the Knight note for $20,000 dated December 29, 1892, on which $5,000 had been paid, and some other notes which it is not necessary to describe here,

executed a trust deed to William T. Underwood conveying to him as trustee certain subdivided lands. This trust deed was recorded February 12, 1901. The Underwood trust deed does not mention the $7,500 note, the $10,000 note or the $12,000 note, which together with the $15,000 note are in the bill of review alleged to be held by Henrietta Vanderpoel.

The Knight note was assigned by Hoyt to William C. Heinroth as trustee, who assigned it to Leon Nubling, who assigned it to Louisa W. Foley as security for a debt of $5,000. The Dock Company appears to have sold lots both in the Knight lands and in the subdivided lands, and releases were made from time to time of lots that were covered by the Knight mortgage and lots included in the Underwood trust deed, but no question is raised concerning such releases or sales on this appeal.

The foreclosure bill was filed by Louisa W. Foley to foreclose the Knight mortgage and the Underwood trust deed. While the original foreclosure suit was pending Louisa W. Foley died and Elizabeth H. Heinroth and David T. Foley, her executors, were substituted as complainants. Among the parties made defendants to the foreclosure bill are Rosalie B. Griswold, Sylvia E. Burnham, Henrietta Vanderpoel, James H. Van Vlissingen (who was the president of the Dock Company and appears to have executed all the various instruments executed by that company), the Winthrop Harbor & Dock Company, the Security Title & Trust Company, the unknown owner or holder or owners or holders of one principal note for $7,500 payable five years after date, dated June 11, 1900, made by the Winthrop Harbor & Dock Company payable to itself and indorsed by it, the unknown owner, etc., of the $10,000 note, the unknown owner, etc., of the $12,000 note, the unknown owner, etc., of the twelve notes dated October 1, 1900, the unknown owner, etc., of the twenty-eight notes dated November 26, 1901, the unknown owner, etc., of the $15,000 note dated Octo-

ber 1, 1900, and the unknown owner, etc., of the several notes mentioned. Each and all the notes were particularly described with the instrument securing it in that part of the original bill naming the parties defendant in the prayer for process. The original bill contains the following allegation concerning the notes secured by the Underwood trust deed: ''and your oratrix avers on information and belief that all the notes secured by said trust deed have matured, and except the said note of William J. Knight have been paid.'' The only allegation in the bill concerning the $7,500, the $10,000 and the $12,000 notes is what may be inferred from the following allegation, with the naming of the defendants in the prayer for process: ''Your oratrix further alleges on information and belief that subsequently to the execution, acknowledgment and recording of said mortgage deed and trust deed certain rights and interests in and to the lands or a part of them described in said mortgage deed and said trust deed were created and transferred as follows: * * * On or about June 11, 1900, said Winthrop Harbor & Dock Company executed three deeds each purporting to convey certain premises unto Security Title & Trust Company in trust to secure the payment of certain notes.'' After describing the parties the bill proceeds ''but your oratrix alleges that the interest of said parties, if any they have, or of any of them, is subsequent and subject to the liens of your oratrix and the defendants entitled to the proceeds of the notes described in said mortgage deed and said trust deed under and by virtue of said mortgage deed and said trust deed.'' The bill waives the oath to the answer except that the defendants may be required to state under oath, (1) ''The names and addresses of each and every the legal holders or owners of or parties interested in the notes described in said trust deed to William T. Underwood, trustee, set out above;'' (2) seriatim and in detail the amount and dates of each and every payment on each of said notes, * * *;

(3) "the amounts of principal and interest on each and every of said notes due and unpaid and not due and unpaid."

The bill of review alleges that an answer was filed by Henrietta Vanderpoel jointly with other defendants but does not set forth her answer, and that a default of the defendant Vanderpoel was improperly taken after her answer was filed. The absence of the answer from the bill of review is accounted for by an affidavit embodied in the bill, made by John L. Bolen, an attorney, who swears he represented her in the original suit; that he was directed to file an answer for her and that he, as a member of the firm of Bolen & Stewart, did file an answer for her jointly with defendants, the Dock Company, Van Vlissingen and others, but that it had been removed from the files. A replication was filed to a joint and several answer of several defendants naming among such defendants, the Dock Company, Van Vlissingen and Henrietta Vanderpoel. It is however admitted by counsel for Henrietta Vanderpoel in their printed argument that she did not join in the joint answer, but that her name was inadvertently omitted from the answer. She, together with the Security Title & Trust Company, the unknown owners of the $7,500, the $10,000, the $12,000 and the $15,000 notes, was defaulted and the cause was referred to the master, who reported the evidence with his conclusions. The report of the master shows that Bolen & Stewart appeared before the master for the Dock Company and others, but the name of Vanderpoel is not mentioned among the defendants they appeared for. A decree was entered on the report of the master ordering a foreclosure and the payment to the executors of Louisa W. Foley of $5,170.57 and the balance of the proceeds up to $19,912.80 paid to William C. Heinroth as trustee for Nubling, and the surplus if any paid to Caroline Roth up to the sum of $18,951.16; and finding that Sylvia E. Burnham had a prior lien

for the amount of six notes dated March 13, 1900, on certain portions of real estate described in the Under-wood deed by virtue of six prior conveyances to the Security Title & Trust Company and that Rosalie B. Griswold had a lien prior to complainant by virtue of ten conveyances to the Security Title & Trust Company severally securing ten notes of date March 13, 1900.

The bill of review is not verified and was filed without leave of court. The defendants made a motion to dismiss the bill on the ground that a bill of review cannot be maintained by a party to a decree against whom it was entered *pro confesso* and that the fact disclosed by the bill of review upon which she bases her right to review is that she was at the time of the entering of the decree sought to be reviewed, and now is, the owner of the four notes for $7,500, $10,000, $12,000 and $15,000, a fact not disclosed in the original suit, and therefore not disclosed by the record in the suit sought to be reviewed, and that therefore the bill was erroneously filed in violation of the well-established practice in cases of this character.

The defendants filed an affidavit of John L. Bolen stating that, since making the affidavit which is attached to the bill of review, he has seen the original answer filed by him in the original foreclosure suit of Foley v. the Winthrop Harbor & Dock Company and attaches to the affidavit a copy of that answer, from which it appears that he neglected to answer for Henrietta Vanderpoel; also an affidavit of one of counsel for the defendants, with a copy of the original bill of foreclosure, of which the original was lost, and of which complainants in the bill of review only claim to have set forth an abstract obtained from a private abstract company without any showing as to its authenticity.

The complainants in the bill of review moved to strike the affidavits filed by the defendants from the files. This motion the court overruled. The court

then dismissed the bill of review as to complainants Vanderpoel, Van Vlissingen, the Winthrop Harbor & Dock Company and George E. Dawson and overruled the motion to dismiss as to Rosalie B. Griswold personally and as executrix of Sylvia E. Burnham, Henrietta Vanderpoel appeals from that order.

Hay & Brown, for appellant, Henrietta Vanderpoel.

Leslie A. Needham and George W. Field, for appellees; George W. Manierre, of counsel.

Mr. Justice Thompson delivered the opinion of the court.

Appellant assigns for error that the court erred in considering the affidavits filed by the appellees, on the hearing of the motion made by appellees to strike the bill of review from the files, and in refusing to strike the affidavits filed by appellees from the files.

If the bill of review is a bill to review the decree in the foreclosure suit for error in law apparent upon the face of the decree, then we are of the opinion it was not proper for the defendants to the bill, appellees in this court, to file affidavits for the reason such a bill may be filed without leave of the court and issues thereon should be made as in other chancery proceedings. On the other hand if the bill was based on matters outside the record, it was not error for appellees to file affidavits and for the court to consider them. Application for leave to file a bill of review upon matters of fact should be made by a petition supported by affidavits (Schaefer v. Wunderle, 154 Ill. 577) setting forth the new matter with particularity, showing that it has come to the knowledge of the petitioner since the time when it could have been used in the original suit and that the petitioner and his attorney had not been negligent. It has been held that counter affidavits are admissible "not for the purpose of investigating or absolutely deciding the truth of the statements in the petition; but to present in more exact shape

some of the circumstances growing out of the original proceedings which may assist the court in the prelimi- nary discussion." 3 Ency. of Pl. and Pr. 588. In this case the bill did not set out the original bill, but only what was alleged to be an abstract of it; neither did it set up the answer of those with whom it was alleged appellant answered jointly. It was proper and neces- sary that a copy of the bill and the answer, if there were such, should be set forth in the bill, and it was necessary that the court should be fully informed as to the original pleadings.

It is also insisted by appellant that the bill was to review a decree for error apparent on the record. It is necessary in a bill of review to state the former bill and the proceedings thereon. This bill only pretends to set out an abstract of the original bill obtained from a third party and is not sworn to. In the abstract there is a statement concerning the making of the Underwood trust deed securing the $15,000 note made by the Dock Company payable to its own order on which $2,875.55 had been paid when the trust deed was made, and that subsequent to the making of said mort- gage and said trust deed certain rights and interests in and to the lands or part of them described in said mortgage and said trust deed were created or trans- ferred or attempted to be transferred as follows; then follows a description of subsequent conveyances, trust deeds, etc., and also the statement "on or about June 11, 1900, said Winthrop Harbor & Dock Company exe- cuted three deeds each purporting to convey certain premises unto Security Title & Trust Company to secure the payment of certain notes, but that if said deeds, levy and sale, or any of them, were made and executed, the interests and rights created thereby are all, each and every subsequent, subject and subordi- nate to the liens created by said mortgage and said trust deed sought to be foreclosed herein." The bill of review in the abstract of the original bill omits entirely the following allegation that is in the sworn copy of the original bill filed by the appellees: "And

your oratrix avers on information and belief that all the notes secured by said trust deed have matured, and except the said note of William J. Knight have been paid." Appellant in her bill alleges she was the owner of the $15,000 note described in the Underwood trust deed when the foreclosure suit was begun. The owner of that note was made a party to the foreclosure suit by the description of "the unknown owner or holder," etc. The bill of foreclosure alleges that note was paid off. Appellant was a party defendant to the original bill and personally served with summons, and personally and as the unknown owner or holder, etc., of the $15,000 note was defaulted and thereby admitted the allegation of the bill that the note was paid off. Mason v. Patterson, 74 Ill. 191; Board of Supervisors v. Smith, 95 Ill. 328. There is no allegation in the bill of foreclosure concerning the $7,500, the $10,000 and the $12,000 notes except the broad allegation that "subsequent to the execution, acknowledgment and recording of said mortgage deed and said trust deed certain rights and interests in and to the lands or a part of them described in said mortgage deed and said trust deed were created and transferred or attempted to be transferred as follows. * * * On or about June 11, 1900, said Winthrop Harbor & Dock Company executed three deeds each purporting to convey certain premises unto Security Title & Trust Company in trust to secure the payment of certain notes, but your oratrix charges that if said deed, levy and sale or any of them were made and executed the interest and rights created thereby are all, each and every, subsequent, subject and subordinate to the liens created by said mortgage deed and said trust deed sought to be foreclosed herein." The foreclosure bill makes the owners of the notes for $7,500, $10,000 and $12,000 parties by the names of "the unknown owner or holder," etc., and each of them were defaulted.

By the bill of review appellant seeks to assert the fact not disclosed by the record of the original suit

that she was the owner of each of these notes and they were secured by deeds executed June 11, 1900. The original bill does not allege that these notes or any of them were secured by a trust deed, except in the description of the party owning the note, who is described as "the unknown owner or holder or owners or holders of one (1) principal note for $7,500 payable five years after its date with interest at six (6) per cent per annum and ten (10) interest notes for two hundred and twenty-five (225) dollars each and payable respectively on the eleventh day of December and June in each year; all of said eleven notes dated June 11, 1900, made by the Winthrop Harbor & Dock Company payable to the order of itself and by it endorsed and delivered and bearing interest after due at seven (7) per cent per annum, and payable at Chicago, Illinois, and secured by deed of trust dated June 11, 1900, and recorded July 18, 1900, in the Recorder's office of Lake county, Illinois, as document number 78,755, conveying all of fractional section two (2) in township forty-six (46) north, range twelve (12) east of the 3d principal meridian." The other two notes are described with the same particularity in describing their owners, the $10,000 note being secured by trust deed on the north half of fractional eleven, and the $12,000 note being secured on the south half of fractional two. These three notes are secured by trust deeds to the same lands that are described in the mortgage deed dated December 28, 1892, recorded December 29, 1892, so that it is apparent that the lien of the trust deed is subsequent and subject to the lien of the original Knight mortgage.

The three notes of $7,500, $10,000 and $12,000 held by appellant were secured on the same lands as were included in the original Knight mortgage but by trust deeds eight years subsequent to the Knight mortgage. The $15,000 note owned by appellant was secured by a trust deed on all the Knight lands and the subdivided lands, but it being alleged to have been paid, which

allegation the default admits, the bill of review so far as appellant is concerned is a bill based on her new allegations that she was the owner of the notes and that the $15,000 note has not been paid. If the other notes are not paid they were secured by trust deeds covering the same property as the prior Knight mortgage. There is no apparent error of law in the record that concerns appellant. The bill is based upon matters outside the record and upon the gross negligence of appellant and her attorney. The bill having been filed without leave of court was properly dismissed as to her. None of the other parties have seen fit to question the right of appellant to bring the cause here while it is still pending in the court below as to one complainant, and we do not consider it necessary to discuss our jurisdiction when it is not assailed.

*Affirmed.*