## FERDINAND B. HUBBARD, Appellant, *v.* RENSELEAR M. FIRMAN, Appellee.

### APPEAL FROM WHITESIDE.

Where an award appears to be within the terms of the submission, that presumption will be sustained until the contrary is shown.

THIS suit is brought to recover the amount upon an award made by Solomon Hubbard, against the defendant below, in accordance with the following contract of submission :

"This is to certify, that I promise to pay Renselear M. Firman, in addition to what I have already paid him, for the lot one (1) of the southwest quarter ($\frac{1}{4}$) of section eighteen (18), town twenty (20), range five (5), whatever Solomon Hubbard decides is due from me to him. F. B. HUBBARD."

The general issue, and six special pleas were filed.

Replications were filed to these special pleas.

Trial had ; verdict of jury for sixteen hundred dollars.

Defendant below filed his motion in arrest of judgment and for new trial, which motions were overruled by the court, to which holdings and finding of the court, the defendant below excepted. The defendant below prayed an appeal, which was allowed, and the requisite bond given.

S. STRAWDER, for Appellant.

B. C. COOK, for Appellee.

WALKER, J. It is insisted, that the arbitrator, in making the award, departed from the terms of the submission. That he failed to take into consideration, and to pass upon, and allow the payments made upon the land by appellant. If this be true, then the award cannot be sustained, and the judgment is erroneous, as the submission was to determine what sum should be paid upon the land in addition to what had been paid. This was the question submitted, and it alone was before the arbitrator. On his direct examination, the arbitrator testified, that he decided there was due to the appellee, from appellant, sixteen hundred dollars, and on cross-examination he states, that he decided, that appellant should pay appellee that sum. From this evidence, there is hardly the shadow of a doubt, that the award was in strict conformity to the submission.

He does not say that he decided, that sum should be paid, as the entire consideration for the land. A fair and reasonable construction of the language, when taken together, imports that he determined that it should be paid, as the

amount then due upon the land. The jury evidently so understood it in making their verdict. The appellant's counsel must have so understood it, or they would have shown what the price agreed to be paid for the land was, and what sum had been paid. But no such effort was made.

It is also urged, that his evidence as to the consideration named in the deed, establishes the fact, that such payments were not considered by him. On that point his testimony is vague and unsatisfactory ; so much so, as to prove nothing. He only gives a mere conjecture as to the amount, and refuses to speak definitely as to the amount. Other and better evidence, the deed itself, was certainly in the power of appellant, and why not produce it? It is nowhere shown what sum had been paid, whether a large or only a nominal sum. It may be, that even if the consideration was no more than sixteen hundred dollars, the payment was so small, that the interest had accumulated till it amounted to the original sum.

The amount appears to be within the terms of the submission, and the presumption that it is, must be indulged, until the contrary is shown. The appellant has failed to make any such proof, and in its absence the judgment of the court below must be affirmed.

*Judgment affirmed.*