## EDWARD L. HENRICKSON

*v.*

## HARRY REINBACK *et al.*

| 33 | 299 |
|----|-----|
| 171 | 416 |
| 33 | 299 |
| 181 | 393 |

1. AWARDS— *rule of construction.* An award, being the judgment of a tribunal of the parties' own choosing, should be liberally construed to sustain it, if it does not lack two essential properties, namely, certainty and finality.

2. SAME— *certainty required.* The certainty of an award is judged of only according to a common intent, consistent with a fair and reasonable presumption.

3. An award will not be disturbed which is so far certain, as from the nature of the subject of it could be reasonably expected; and when the directions of the arbitrators, though not decidedly certain upon the face of the award, can, with tolerable ease, be reduced to a certainty, as by reference to any written document, or the inspection of any particular thing, house or land, an award will not be, on such ground, impeachable.

4. The partnership affairs of two firms were submitted to arbitration. The arbitrators awarded that one of the parties, who was a member of both firms, account and pay to the two firms a stipulated sum, that the parties be entitled to the proceeds of all uncollected and outstanding assets of those firms in equal amounts, and that the costs of arbitration be equally divided between the parties. It was *held,* the award settled the rights and liabilities of the parties with sufficient certainty. The presumption being that, as partners, the parties were equally entitled to the proceeds of the partnership, and in equal parts to the amount found to be due from the partner who was indebted to the firm, the award was relieved from all uncertainty.

5. AWARDS— *must be final.* An award must make a final disposition of the matters submitted.

6. PLEADING— *one of several breaches good, general demurrer to all.* In an action of debt on a penal bond, the several breaches assigned are analogous to several counts in a declaration, and if one count be good a general demurrer to all will not be sustained.

WRIT OF ERROR to the Circuit Court of Morgan county; Hon. DAVID M. WOODSON, Judge, presiding.

This was an action of debt instituted by the plaintiff in error to recover for the failure to comply with the award of arbitrators.

The declaration alleges that in the year 1858 the plaintiff and defendant were doing business as partners under the firm of Henrickson & Reinback, and also doing business under the firm

name of Reinback & Van Winkle, and having various matters of dispute respecting their accounts with the said firms and their interest therein, submitted the disputes to arbitration, and that the plaintiff, with Michael Henrickson as security, and the defendant, with Louis Reinback as security, entered into an arbitration bond in the sum of $5,000, to abide the award of the arbitrators. The arbitrators made the following award:

"The undersigned arbitrators, after hearing the testimony and upon due consideration thereof, do award that said Harry Reinback do account to and pay to the firms of Henrickson & Reinback and Reinback & Van Winkle, the sum of $1,296.90, and that the parties be entitled to the proceeds of all uncollected and outstanding assets of said firms in equal amounts, and that the cost of the arbitration be equally divided between the parties."

The declaration was against Harry Reinback and Louis Reinback, his security, and alleges that the bond was lost, and after the averment that the plaintiff was at all times ready and willing to perform and keep the award, assigns breaches as follows: "Yet the said Harry Reinback, though often requested, has not nor would account and pay to the aforesaid firms of Henrickson & Reinback and Reinback & Van Winkle, nor account to and pay to said plaintiff the aforesaid sum of twelve hundred and ninety-six dollars and ninety cents, nor any part thereof, and hath not nor would give nor pay to said plaintiff, nor allow him to receive one-half of the proceeds of all uncollected and outstanding assets of said firms of Henrickson & Reinback and Reinback and Van Winkle, nor any part thereof, and hath not nor would pay one-half the costs of the aforesaid arbitration, nor any part thereof, but so to do the said defendant, Harry Reinback, hath hitherto wholly neglected and refused, and still doth refuse; and the said plaintiff further avers, that the said defendant, Harry Reinback, since the making the aforesaid award, and in violation of the terms thereof, has, of the proceeds of the assets of the said firms, outstanding and uncollected at the time of the making said award, received and converted to his own use a large amount, to wit, the sum of two thousand dollars;

and the said plaintiff further avers, that since the making of the aforesaid award, and by reason of the failure of the said Harry Reinback to keep and perform the same, he, the said plaintiff, has been forced and obliged to pay, upon demands against the aforesaid firms of Henrickson & Reinback and Reinback & Van Winkle, a large sum and large sums of money, amounting in the aggregate to the sum of, to wit, two thousand dollars, by reason whereof an action, &c."

To this declaration the defendant filed a demurrer, and assigned for reason that the award was void for uncertainty. That the plaintiff claims that he is exclusively entitled to have account for payment herein of $1,296.90, and because the plaintiff claims damages to the amount of $2,000 over and above the amount he claims by the award, for not abiding by the award.

The court sustained the demurrer, and judgment was rendered against the plaintiff for costs.

Thereupon he sued out this writ of error. The question arising upon the record involves the sufficiency of the award in regard to its certainty and finality.

Messrs. H. B. McCLURE and C. EPLER, for the plaintiff in error.

The authority of the arbitrators, or that the award is made of and concerning the matters referred, need not be stated in the award. Caldwell on Arbitration, 293, 294.

Certainty to a common intent is all that is required. Where the directions of the arbitrators can with tolerable ease be reduced to a certainty, as by reference to any written document, or the inspection of any particular thing, house or land, the award is not impeachable. Nor is it impeachable because reference is made to matters of account not liquidated nor footed nor balanced and the precise result is unknown, and the award directs that a party shall pay a certain proportion of the balance of such account. Caldwell on Arbitration, 250, 251, 268; 13 Verm. 53; 2 Hill, 75; 25 Ill. 522.

Every reasonable intendment shall be made in support of an award. Courts of law and equity never raise a presumption for

the sake of overturning an award. Caldwell on Arbitration, 279, and cases cited; 2 Hill, 75; 11 Ill. 567; Watson on Arbitration and Awards, 102, 103, 104; Law Library, vol. 32, p. 236 (Russell on Power and Duty of Arbitrator).

Technical objections are not favored. The award is to be construed liberally, and the main consideration for the court is whether the matters submitted have been *substantially* considered and passed upon and decided by the arbitrators. 22 Pick. 144; 20 Verm. 132; 3 Scam. 248, 249; 14 Ill. 62.

The court will presume that Henrickson and appellee Harry Reinback were equally interested in the amount awarded to be paid by Harry Reinback to the firms of Henrickson & Reinback, and Reinback & Van Winkle. 25 Ill. 522.

Messrs. D. A. & T. W. SMITH, for the defendants in error, contended that the declaration was defective in not setting out with sufficient legal certainty the interest of the plaintiff in the award. This ought not to be left to loose intendment or implication of law, as to equal interests of partners. The award is too uncertain in these respects.

Mr. JUSTICE BREESE delivered the opinion of the Court:

It is, we believe, a principle generally admitted, that an award, being the judgment of a tribunal of the parties' own choosing, should be liberally construed to sustain it, if it does not lack two essential properties, namely, certainty and finality. This certainty is judged of only according to a common intent, consistent with fair and reasonable presumption. *Purdy* v. *Delavan*, 1 Caines (N. Y.), 304.

It is also held that courts will not suffer an award to be disturbed which is so far certain as from the nature of the subject of it could be reasonably expected; and when the directions of the arbitrators, though not decidedly certain upon the face of the award, can, with tolerable ease, be reduced to a certainty, as by reference to any written document, or the inspection of any particular thing, house or land, an award will not be on such ground impeachable. Caldwell on Arbitration, 251.

As to finality, the award must make a final disposition of the matters submitted.

The declaration in this case avers that the parties to the arbitration were partners in trade, and differences having arisen between them, an arbitration was agreed upon, and the bond in suit executed, which was lost. By the loss of the bond, the terms of the submission are not before us, but from the allegations in the declaration we can readily understand that the partnership rights and liabilities were alone submitted to the arbitrators. Does the award settle those rights and liabilities with sufficient certainty? The arbitrators, after hearing the testimony, and upon due consideration thereof, award that Reinback account to and pay to the firms of Henrickson & Reinback, and Reinback & Van Winkle, the sum of twelve hundred and ninety-six $\frac{90}{100}$ dollars; that the parties be entitled to the proceeds of all uncollected and outstanding assets of those firms in equal amounts, and that the cost of arbitration be equally divided between the parties.

We think this award fulfills the conditions of certainty to a common intent, and finality. It was a difference among partners which was submitted, and the presumption is, each was entitled to equal portions of the proceeds — that they were equally interested. *Farr* v. *Johnson*, 25 Ill. 522. In that case the award made reference to an account, and it was held the account might be examined to sustain the award.

Now, the presumption being that, as partners, they were equally entitled to the proceeds of the partnership, and in equal parts to the amount found to be due from Reinback, the award is relieved from all uncertainty.

It is also final, because the award settles forever their respective rights and claims, and can be pleaded to any action brought for a settlement and account. That is the purport and clear intendment of the finding of the arbitrators.

As to the pleadings, the several breaches assigned are analogous to several counts in a declaration, and if one count be good a general demurrer will not be sustained. The breaches for the non-payment of the twelve hundred and ninety-six $\frac{90}{100}$ dollars,

for non-payment of the costs, and of one half of the moneys collected by Reinback, are well assigned. They negative the requirements of the award. The first breach is, in substance, that defendant did not pay the $1,296.90 to the firms, nor did he pay it to the plaintiff, or any part of it.

We are of opinion judgment on the demurrer should have been for the plaintiff. The Circuit Court having adjudged differently, the judgment must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*