FERDINAND B. HUBBARD

*v.*

SOLOMON HUBBARD *et al.*

1. JUDGMENT ON AWARD—*whether may be questioned.* In a suit in chancery to enjoin the collection of a judgment obtained upon an award, it was complained that the arbitrator gave no notice to the parties of the hearing before him: *Held,* that as the fact of such omission must have been known to the complainant on the trial of the cause on the award, and could have been then determined, equity could not relieve against it.

2. The object to be determined by the arbitration was the balance due from complainant, as purchaser of a certain lot of ground, to his grantor, and it was further complained that the arbitrator had an interest in the subject

matter submitted to him. It appeared the arbitrator was only interested in this way: The money which the grantor had received in part payment for the land was not paid by complainant directly to him, but was loaned to the arbitrator and by him advanced to the grantor: *Held,* as complainant well knew of such interest of the arbitrator when he chose to submit the matter in dispute to him, he could not be allowed afterwards to set up such interest to defeat the award.

APPEAL from the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Mr. J. B. RICE, for the appellant..

Messrs. SACKETT & BEAN, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery to enjoin the collection of a judgment for sixteen hundred dollars which Renselaer M. Firman had obtained against the complainant in the Whiteside circuit court at the October term, 1861.

It appears the judgment in question was obtained on an award made by Solomon Hubbard, mutually chosen by the parties to the judgment, on this submission :

"This is to certify that I promise to pay Renselaer M. Firman, in addition to what I have already paid him for lot 1, of the southwest quarter of section 18, town 20, range 5, whatever Solomon Hubbard decides is due from me to him."

The arbitrator awarded sixteen hundred dollars as the amount due. The record of this judgment was taken by appeal to this court and the same was affirmed. *Hubbard* v. *Firman,* 29 Ill. 90.

Solomon Hubbard is made a party to the bill, on the allegation that, at the time of the submission, he, himself, was interested with Firman in the matters submitted, and also in the land conveyed by Firman to appellant; he, the arbitrator, expecting to receive a part of the award which he might render against appellant, and a part of the judgment which Firman might obtain on the award, and that this arrangement

was fraudulently and purposely kept secret from appellant, and of which he had no suspicion or knowledge; and on the further allegation that it was impossible for appellant to obtain testimony of the facts on the trial of the cause on the award, and until after the cause had been appealed to the supreme court; and he alleges that both the award and the judgment thereon were obtained by the fraud of Solomon Hubbard and Firman.

The action on the award was hotly contested, as would appear by the pleas filed by the appellant, being six in number, which must have embodied all legal defenses in the power of the appellant.

It is complained here that Solomon Hubbard, acting as arbitrator, gave no notice to the parties of the hearing before him. This must have been known to appellant on the trial of the action at law, and was then tried or could have been tried. Chancery can not relieve in such case. The interest of the arbitrator could have been known and disclosed on the trial of that action, for he was sworn as a witness and could have been interrogated as to that fact. We do not see how it was impossible to obtain the testimony in regard to such interest on that trial.

As to the interest of the arbitrator in the subject matter submitted to him, we can not perceive any of which appellant was not well advised when he chose him as a fit person to adjust the matter between him and Firman. The money which Firman received in part payment of the land, appellant well knew was not paid by him directly to Firman, but was loaned to Hubbard, and by him advanced to Firman, and to that extent, and to that only, Hubbard had an interest in the matter submitted. This, appellant well knew, and if he chose to submit the matter to Hubbard under such circumstances he was at perfect liberty so to do, and he will not be allowed afterwards to set up such interest to defeat the award.

We perceive nothing in the record to implicate Hubbard in any fraud in his award. Opinions differ as to the value of

the land.   The consideration expressed in the deed from Firman to appellant is sixteen hundred dollars, and several witnesses estimate it at twenty or thirty dollars per acre, while a much larger number are of opinion it was not worth more than four dollars per acre, yet appellant claims to have paid Firman much more than that.

On the whole record we can not see that injustice has been done appellant, and must affirm the decree.

*Decree affirmed.*