## EBENEZER NOYES

*v.*

## EDWARD McLAFLIN.

1. VARIANCE. A declaration upon an arbitration bond, which was executed by a party to the arbitration and his security, stated that the said plaintiff and the said defendants, described in said bond and the condition thereof, entered into an agreement to arbitrate. The condition of the bond recited that the plaintiff and only one of the defendants sued had entered into the agreement: *Held,* that an objection to the bond on the ground of variance was properly overruled.

2. SAME. Where the words plaintiff or defendant are used in the plural or singular number, they will be regarded as being used in the number which the context shows was intended.

3. AWARD—*construction as to interest.* Where an award found a certain sum to be due from one of the parties to the other, and directed its payment as follows: "One thousand dollars to be paid within five days from this date, and the balance (twelve hundred and eighty-four dollars and thirty-two cents) to be paid within sixty days from this date, together with ten per cent interest per annum thereon from this date until paid:" *Held,* that no interest was to be paid on the one thousand dollars, if paid within five days; and that, as the award made no provision for any rate of interest if not so paid, the rate of interest must be govered by the statute, and that no higher rate than six per cent per annum could properly be allowed.

4. SAME—*interest.* Where an arbitrator is empowered to make an award according to the principles of justice, and the award gives sixty days' time for the payment of the principal sum found to be due, it will not be considered as unreasonable, if it also requires the party to pay interest on such sum from the date of the award at the rate of ten per cent per annum. The terms of such a submission are broad enough to authorize such an award.

WRIT OF ERROR to the Circuit Court of Coles County; the Hon. A. J. GALLAGHER, Judge, presiding.

This was an action of debt upon an arbitration bond executed by E. Noyes, principal, and Hiram Cox, his security, to E. McLaflin. The bond recited that, whereas, the said E. Noyes and E. McLaflin have entered into an agreement to arbitrate, etc. The declaration in reference to this part of

the bond alleged that the said plaintiff and the said defend-
ants, described in said bond and the condition thereunder
written, entered into an agreement to arbitrate.   On the trial
the bond was objected to on the ground of variance, but the
court overruled the objection.   The sole arbitrator, among other
things, awarded as follows:

" 7th. I find that there is due from said Noyes to said Mc-
Laflin the sum of two thousand two hundred and eighty-four
dollars and thirty-two cents ($2,284.32), and I award and
direct that the said Noyes pay to the said McLaflin the said
sum of two thousand two hundred and eighty-four dollars and
thirty-two cents; one thousand dollars to be paid within five
days from this date, and the balance ($1,284.32) to be paid
within sixty days from this date, together with ten per cent
interest per annum thereon from this date until paid."

Messrs. HENRY, REED & HUGHES, for the plaintiff in
error.

Messrs. BROWN & EPLER, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of debt, brought by the defendant in error
on an arbitration bond against the plaintiff in error and Hiram
Cox, his security on the bond.

In the declaration the bond is declared on according to its
legal effect, and then the condition thereunder written is set
out *in hœc verba*, together with the original and supplemental
agreements between the parties to submit all matters in dis-
pute between them to the arbitrament of James A. Eads.   So
much of the award made by the arbitrator as shows that a
money award was made in favor of the defendant in error is
set out in the declaration, and the breaches assigned are, that
the plaintiff in error did not pay the several sums of money
which he was directed by the terms of the award to pay to the
defendant in error.

On the trial numerous objections were taken to the admission of the written evidence, all of which are of the most technical character. This court has repeatedly held that where the words plaintiff or defendant are used in the plural or singular number, we will regard them as being used in the number which the context shows was intended to be used. *Hofferbert* v. *Klinkhardt,* 58 Ill. 450.

In the light of this reasonable rule, the objections to the admission of the bond and submission in evidence are untenable, and were properly overruled.

It is insisted that the arbitrator had no power, under the agreement between the parties, to award that the plaintiff in error should pay interest at the rate of ten per cent per annum on the sum of money which, by the terms of the award, was not to be paid until after the expiration of sixty days.

The arbitrator was empowered to make the " award in the premises on the principles of justice," and no reason is perceived why he could not, under this equitable power to do complete justice between the parties, provide that the plaintiff in error should pay interest on the deferred payment. It seems to us that the terms used in the submission are broad and comprehensive enough to authorize the arbitrator to make the award. The money was found to be due to the defendant in error, and, upon every principle of justice, if the plaintiff in error was given time in which to pay the amount so found to be due, he ought to be required to pay the usual and customary rate of interest. It was doubtless adjudged by the arbitrator to be equitable to allow time in which the plaintiff in error should be required to pay the amount found due, and upon the same principle, and upon the same authority, he ought to be required to pay interest on the deferred payment for the favor awarded.

The rate of interest was not fixed under the statute, and the rate fixed by the arbitrator is the usual rate for money loaned, and is not unreasonable in this case.

We think that the court erred in computing interest on the one thousand dollars, which, by the terms of the award,

was to be paid within five days, at a higher rate of interest than six per cent per annum.

The only construction that can reasonably be given to the award is, that no interest was to be paid on the one thousand dollars if it should be paid within the five days, and the award makes no provision for any rate of interest in case it was not paid within that period. Hence, the rate of interest must be governed by the statute; and we are of opinion that, under the statute, no higher rate of interest than six per cent per annum could properly be allowed.

For the error indicated the judgment is reversed and the cause remanded.

*Judgment reversed.*