JAMES TUCKER

*v.*

ABNER B. PAGE.

1. ARBITRATION AND AWARD—*must embrace all matters submitted.* The general doctrine is, that an award of arbitrators well be void unless it comprehends all the matters submitted which are named in the submission.

2. AWARD—*presumption in favor of.* Where the submission is general, and an award of one or more things is made, it will be presumed, until the contrary is shown, that nothing else was referred or submitted to the arbitrators.

3. SAME—*requisites to its validity.* Whether the submission be general or special, or made by parol or by writing under seal, it must be substantially pursued in making the award, and the award must be certain and final as to the rights of the parties. But certainty to a common intent is all that is required.

4. SAME—*accident, fraud or mistake.* In the absence of proof of accident, fraud or mistake, it will be presumed that an award is just and correct, and its justness or correctness will not be re-tried in a suit to recover the amount found due from one party to the other.

5. SAME—*evidence to impeach.* Where an award is signed by all the arbitrators, evidence can not be received to show that one of them signed it under the belief that it would not be binding, or would not be legal. An arbitrator will not be permitted to impeach the integrity of his own conduct or that of his co-arbitrators in making the award, either as to its execution, delivery, or the binding effect it is to have.

6. SAME—*whether pursuant to submission.* Where two partners submitted to arbitration all the differences between them in respect to their partnership affairs, in general terms, it was *held,* that the arbitrators were authorized to adjust every question of dispute arising out of the partnership transactions, however complicated, and that they were not limited to the books of the partnership account.

7. VARIANCE—*as to terms of submission to arbitrators.* Where the declaration in a suit upon an award averred that the partnership matters submitted covered a period of twelve or thirteen years, and the testimony showed the same thing, there will be no variance from the fact that the arbitrators and the parties on the hearing acted upon a settlement made some five years before, as the settlement was merely evidence upon which the arbitrators acted in stating the account for the whole period of the partnership.

8. INTEREST—*on award.* Interest may be recovered upon the amount of an award after the same is due and after demand, under the common counts, although the declaration contains no count for interest, it being but an incident to the principal sum.

WRIT OF ERROR to the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action of assumpsit, brought by Abner B. Page against James Tucker, upon an award of arbitrators. The proof of the submission and its terms was by parol evidence, there being no written submission. The following is a copy of the award:

"We, the subscribers, appointed by the agreement of the within named parties, having notified and met with said parties, and heard their several allegations, proofs and arguments, and duly considered the same, do award and determine

Opinion of the Court.

that Abner B. Page (party 1st part,) shall recover of James Tucker (party 2d part,) the sum of $3500, and that the same shall be in full of all matters referred to us.

"Witness our hands, this 1st day of October, 1870."

The jury returned a verdict of $3678.33 damages in favor of the plaintiff. The court refused a motion for a new trial, and rendered judgment on the verdict, and the defendant brings the case to this court on writ of error.

Messrs. DAVIDSON & GLENN, for the plaintiff in error.

Messrs. STEWART, PHELPS & STEWART, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Liberal constructions should always be given to arbitrations. It is for the reason they are tribunals of the parties' own choosing, and afford an expeditious mode, in many instances, of settling, with trifling expense, most complicated litigation. But, to prevent any abuse that might defeat the end to be attained, viz: the promotion of justice, certain fundamental principles should never be disregarded.

The general doctrine is, the award will be void, unless it comprehends all the matters submitted which are named in the submission. But where the submission is general, and an award of one or more things is made, it will be presumed, until the contrary is shown, that nothing else was referred or submitted to the arbitrators. *Hubbard* v. *Furman,* 29 Ill. 90; *Wright* v. *Wright,* 5 Cowen, 197.

The arbitrators must, as a general rule, pursue their authority, and any marked departure will render their award inoperative and void. In such cases it is immaterial whether the submission is special or general, or whether it is by parol or obligation under seal. In either case, the submission must be substantially followed. It must be certain and final as to

the rights of the parties.  Certainty to a common intent, however, is all that is required under the rule that an award must be certain and final.  *Henrichson* v. *Remback*, 33 Ill. 299; *Jackson* v. *Ambler*, 14 Johns. 96.

The submission in this case was by parol, and counsel seek to maintain there was no valid submission ever made definitely specifying or stating what the arbitrators were to decide.

The evidence shows that all the differences between the parties in regard to their partnership affairs were submitted to the arbitrament of the arbitrators mutually chosen.  The language used in making the submission is general, but it is comprehensive, and, under the authority given, no reason is perceived why the arbitrators could not adjust every question of dispute arising out of the partnership transactions.  It would be a narrow and illiberal construction of the terms of the submission, as shown in evidence by all the witnesses, to adopt the views of counsel, and hold the submission only had reference to the books of the parties.  This would make nonsense of that which is obviously plain by the use of intelligent terms employed.

It is apparent that neither of the parties nor the arbitrators understood the investigation was to be restricted within such narrow limits.  The contrary unmistakably appears in all they did, and we have no hesitation in coming to the conclusion it was the intention to submit everything in dispute in relation to their complicated partnership transactions, extending through a series of years.  The language used is broad enough to bear this construction, and we may say it will bear no other consistently with the meaning of the words employed.

Regarding this as the true meaning of the agreement between the parties, the award follows the submission, and has all the elements of certainty and finality required by the strictest construction.  It will bar any future litigation in regard to the matters submitted.

We are unable to discover any foundation for the suggestion that there is a variance between the proof and the declaration. The averment is, the matters of partnership business submitted covered a period of twelve or thirteen years. And so we understand the testimony.

On the hearing before the arbitrators, it was agreed the parties had a settlement in 1865, and there was a certain balance found due. This was mere evidence, and the stipulation was, no doubt, made with a view to lighten the labors of the arbitrators. Both parties being satisfied with the previous settlement, it was not deemed necessary to open the investigation. What was said in regard to the settlement did not and could not operate to change the terms of submission previously made.

No means is afforded us of knowing whether the award will do justice between the parties; whether it is correct or erroneous. No accident, fraud or mistake being shown, it will be presumed to be just and correct. That question can not be retried in this proceeding.

The award is signed by all the arbitrators, and evidence could not be heard to show that one of them signed it under the belief "it would not be binding, or would not be the last of it, or would not be legal." An arbitrator can not be permitted to impeach the integrity of his own conduct or that of his co-arbitrators in making the award, either as to its execution, delivery, or the binding effect it is to have. *Denman* v *Bayless*, 22 Ill. 302.

Objection is taken to the first instruction given for appellee, for the reason it authorized the jury to allow interest on the amount of the award after demand of payment. It is conceded the instruction announces a correct principle of law, but the objection proceeds on the ground the declaration contains no count for interest. It contains, however, the common counts, and under them, we think, interest is recoverable as an incident to the principal sum due, after demand, without being specially claimed. *McConnell* v. *Thomas*, 2 Scam. 213.

In *Noyes* v. *McLaflin*, 62 Ill. 474, it was held that interest might be recovered on an award.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*