## W. P. Habberton et al. v. S. L. Habberton.

1. Solicitor's Fees—*In Partition Cases.*—Under the statute, a solicitor's fee in partition proceedings can not be apportioned among the parties if the bill or petition does not properly set forth the rights and interests of all the parties, or if one or more of the defendants interpose a good and substantial defense.

2. Same—*Amendment of Bill or Petition.*—Where a bill does not properly state the interests of the parties, and such insufficiency is brought to the attention of the court without the intervention of the defendants, the complainant may amend the bill so as to set forth the interests of the parties correctly, and thereby become entitled to an apportionment of the solicitor's fees the same as if the bill had been correct in the first instance; but when the defendants are forced by reason of the insufficiency of the bill to employ counsel to represent them, and the complainant is compelled, through the efforts of such counsel, to amend, it would be inequitable to apportion such fees among the parties.

3. Same—*When to be Apportioned.*—The statute (Sec. 40, Ch. 107, R. S.), contemplates an apportionment of solicitor's fees in those cases only in which it is not necessary for the defendants to employ counsel to protect their rights. But where there is no necessity for the employment of counsel by the defendants, the complainant can not be deprived of the right to have the solicitor's fees apportioned simply because counsel are employed, or even because they may file an answer or otherwise appear in the case.

4. Decrees—*Clerical Omissions—Where Not Fatal.*—Where the intention of a decree can be clearly ascertained by reading the whole of it together, it will be held sufficient; *so held,* where a decree for solicitor's fees in a partition suit, in the order directing the clerk to tax the same as a part of the costs, omitted the word, " dollars," but where the findings of the decree clearly showed that " dollars " was intended.

5. Same—*Creating Liens Construed.*—Where a decree for partition provided that a solicitor's fee should be apportioned among the parties and that they pay the same in accordance with their respective interests in the premises as found by the decree, and that said sum be a lien upon the lands in the decree, *it was held* that the decree did not make the whole fee a lien on every interest in the land partitioned, but that each party should pay a portion of the same, corresponding to his interest in the land, and that the lien created was upon his interest only for the part of the fee he was ordered to pay.

6. Same—*Signature of the Judge.*—The signature of the judge is not necessary to the validity of a decree.

**Partition of Real Property.**—Appeal from a decree allowing solicitor's fees in partition. Entered by the Circuit Court of Wabash County; the Hon. Edmund D. Youngblood, Judge, presiding. Heard in this court at the August term, 1894. Affirmed. Opinion filed March 23, 1895.

MUNDY & ORGAN, attorneys for appellants.

CREIGHTON & KRAMER, attorneys for appellee.

MR. PRESIDING JUSTICE SCOFIELD DELIVERED THE OPINION
OF THE COURT.

This is an appeal from a decree of the, Circuit Court of
Wabash County, allowing a.solicitor's fee of $450 in favor of
appellee's (complainant's) solicitor, William T. Bonham, in
a suit by appellee against appel'.ants for the partition of
certain real estate.   Appellants insist that the Circuit Court
erred in allowing this fee, and in apportioning the same
among the owners of the real estate partitioned.

Under the statute, the solicitor's fee in partition proceed-
ings shall not be apportioned among the parties, if the bill
or petition does not properly set forth the rights and inter-
ests of all the parties, or if one or more of the defendants
shall interpose a good and substantial defense.

Consider a case in which no good and substantial defense
is interposed, but in which the interests of the parties are
not properly stated in the bill.   The insufficiency of the
bill must be brought to the knowledge of the court either
with or without the suggestion of the defendants.   If this
is done without the intervention of the defendants, there is
no good reason why the complainant may not amend the
bill so as to set forth the interests of the parties correctly,
and thereby become entitled to an apportionment of the
solicitor's fee as if the bill had been correct in the first in-
stance.

If, however, the defendants are forced by the insufficiency
of the bill to employ counsel to represent them, and the
complainant is forced to amend through the efforts of coun-
sel thus employed by the defendants, it would be manifestly
inequitable to apportion the complainant's solicitor's fee
among the parties.   The statute contemplates an apportion-
ment in those cases only in which it is not necessary for the
defendants to employ counsel to protect their rights.   But
where there is no necessity for the employment of counsel

by the defendants, the complainant can not be deprived of a right given by the statute because counsel are, in fact, employed, or even because they may file an answer and otherwise appear in the case.

In the case at bar there was absolutely no good and substantial defense. Appellants and appellee agreed as to the interests of the parties, and as to the particulars of the decree of partition. They agreed that the alien descendants of the deceased could not inherit any part of the land. Appellants only were interested in this point, for appellee's share of the land would have been the same whether the aliens were regarded as heirs or not.

The only reason, therefore, which could have been urged against the apportionment of the solicitor's fee among the parties was that the bill, as originally filed, did not properly set forth the rights and interests of the parties. This objection was removed by amendment, however, and the chancellor very properly found, under the evidence, that the filing of an answer by appellants was unnecessary. Prior to the commencement of the term at which appellants appeared, appellee's solicitor had notified the solicitors for appellants that he would amend the bill so as to show that the alien descendants of the deceased had no interest in the land. This is the point in which it is claimed that the bill did not correctly state the rights and interests of the parties. If, under such circumstances, the defendants could file an answer, and thus prevent the allowance of the solicitor's fee, when the complainant's solicitor was there ready to file the necessary amendments, the nullification of the statute would certainly become an easy matter. The findings of the decree in this case are justified by the evidence, and are sufficient to authorize the allowance of a solicitor's fee of $450, and the apportionment of the same among the parties in interest.

It is said that the decree erroneously makes the whole fee a lien on every interest in the land partitioned.

The language of the decree upon this point is as follows: " That the parties hereto pay the sum in accordance with

their respective interests in the premises as found by the decree of this court entered herein at the April term, 1893, said sum to be a lien upon the lands in this decree."

This provision of the decree means no more than that each party shall pay a portion of the solicitor's fee corresponding to his interest in the land, and that there shall be a lien upon his interest for the part of the fee he is thus ordered to pay. Certainly, under this language, any party, upon paying his proportion of the fee, would hold his part of the land discharged of the lien of the decree.

It is also said that the decree is void because of the omission of the word "dollars" after the words "four hundred and fifty." This part of the decree is as follows: "That the services of William T. Bonham, as solicitor in procuring said partition to be made, were reasonably worth the sum of four hundred and fifty dollars. It is therefore ordered, adjudged and decreed by the court that a solicitor's fee of four hundred and fifty be taxed as part of the costs of this suit."

So surely does the context show that the word "dollars" should follow "four hundred and fifty" in this decree, that appellants' counsel have inadvertently inserted the omitted word in the appropriate place in their abstract.

If the decree had read that such or said solicitor's fee should be taxed, the reference to the four hundred and fifty dollars in the finding would have made the decree sufficiently definite. But the statement that a solicitor's fee of four hundred and fifty should be taxed, is surely so connected with the finding as to show what was intended. Where the intention can be clearly ascertained by reading the whole decree together, the decree will be held to be sufficient. Hafferbert et al. v. Klinkhardt, 58 Ill. 450; Noyes v. McLafflin, 62 Ill. 474; Mason et al. v. Patterson et al., 74 Ill. 191, and Nowak v. Excelsior Stone Co., 78 Ill. 307.

It is contended that the fee should have been allowed to the firm of Bunch & Bonham, and not to the latter individually. Inasmuch as the finding of the chancellor is sustained by the evidence, and Bunch is not here complaining of the decree, there is no error in this respect which demands the reversal or modification of the decree.

It is suggested that the decree was not signed by the judge. But the decree is of record and has not been impeached in any proper manner for fraud or mistake, and the signature of the judge is not necessary to its validity. Dunning et al. v. Dunning et al., 37 Ill. 306; Agnew v. Lichten et al., 19 Bradw. 79.

There being no prejudicial error in the record, the decree of the Circuit Court is affirmed.