## THE KNAPP, STOUT & CO. COMPANY

*v.*

## CHARLES F. ROSS, Receiver.

*Opinion filed October 19, 1899.*

1. PLEADING—*general demurrer should not be sustained if part of the counts are good.* A general demurrer to a declaration containing common and special counts is properly overruled when the common counts are good, although the special counts may be bad.

2. APPEALS AND ERRORS—*judgment of Appellate Court—when not final and appealable.* A judgment of the Appellate Court reversing the judgment of the trial court and remanding the cause "for such other and further proceedings as to law and justice shall appertain," is not a final judgment from which an appeal will lie to the Supreme Court.

*Ross* v. *Knapp, Stout & Co.* 77 Ill. App. 424, appeal dismissed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on writ of error to the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding.

WISE & MCNULTY, for appellant.

C. W. GREENFIELD, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an action of assumpsit, brought in the city court of East St. Louis, by the appellee against the appellant. The declaration consists of seven special counts and the common counts. The defendant below, the appellant here, filed a general demurrer to the declaration. The city court sustained the demurrer, and entered judgment for costs against the plaintiff below, who is the present appellee.

Charles F. Ross, receiver, etc., the present appellee, took the case by writ of error to the Appellate Court. The Appellate Court reversed the judgment of the city

court, and ordered that Charles F. Ross, receiver, etc., plaintiff in error in the Appellate Court and appellee here, should recover of Knapp, Stout & Co. Company, defendant in error in the Appellate Court and appellant here, the costs.

The present appeal is prosecuted from the judgment of the Appellate Court reversing the judgment of the city court, which sustained the demurrer to the declaration and dismissed the suit at the costs of plaintiff below.

The Appellate Court took the view, that the declaration filed in the trial court set up a good cause of action, and that the demurrer thereto should have been overruled. Upon one ground, if upon no other, the judgment of the Appellate Court, reversing the judgment of the city court, was correct. The declaration consisted of seven special counts and, also, of the common counts; and the demurrer was general, and to the whole declaration, including both the special counts and the common counts. As the common counts were good, even though the special counts may have been bad, the trial court erred in sustaining the demurrer to the whole declaration.

It is well settled that, where a declaration contains several counts, and one of the counts is good, a general demurrer to the declaration will not be sustained, even if the other counts are bad. (*Henrickson* v. *Reinback*, 33 Ill. 299). On a general demurrer to a declaration containing several counts, the demurrer must be overruled, if there is one good count. (*Farmers' and Merchants' Ins. Co.* v. *Menz*, 63 Ill. 116). In *Barber* v. *Whitney*, 29 Ill. 439, we said: "This declaration contained special and the common counts in the usual form. To this declaration the defendant filed a general demurrer, which the court overruled, and very properly. Even if the special counts were faulty, the common counts were undoubtedly good, and, as the demurrer was to the whole declaration, there was nothing which the court could properly do but overrule it." Again, in *Nickerson* v. *Sheldon*, 33 Ill. 372, we said: "The common

counts being good, whatever may be the character of the special count, the demurrer had to be overruled."

It follows, that the city court erred in sustaining the demurrer to the declaration, and in not overruling it. Therefore, the judgment of the Appellate Court was technically correct in reversing the judgment of the city court. Counsel, however, claim that the question, presented by the special counts of the declaration, is of such importance that the court should pass upon it, notwithstanding the error committed by the city court in sustaining the demurrer to the whole declaration. Even if we were disposed to overlook the error thus committed, and to consider the question whether or not the special counts of the declaration presented a good cause of action, the present appeal to this court must be dismissed for the reason hereinafter stated. The result will be the same to the present appellant, whether the judgment of the Appellate Court is affirmed, or the present appeal is dismissed. The judgment of the Appellate Court will stand as a judgment reversing the judgment of the city court if the appeal from it to this court is dismissed, and it would equally stand as such judgment, if this court should affirm it.

We are, however, of the opinion that we have no jurisdiction to entertain the appeal from the judgment rendered by the Appellate Court. That judgment reversed the judgment of the city court, and ordered that "the cause be remanded to the city court of East St. Louis for such other and further proceedings as to law and justice shall appertain."

The judgment of the Appellate Court, which thus reverses the judgment of the trial court, and remands the "cause for such other and further proceedings as to law and justice shall appertain," is not a final judgment; nor is it such a judgment that no further proceedings can be had in the court below except to carry into effect the mandate of the Appellate Court. There is no appeal from a judgment of this character to the Supreme Court of the

State. Where the judgment of the circuit court is by the Appellate Court "reversed, and the cause remanded to the circuit court for such other and further proceedings as to law and justice shall appertain," no appeal lies from the Appellate Court to the Supreme Court to review such judgment of the Appellate Court, it being in no sense a final judgment. (*Buck* v. *County of Hamilton*, 99 Ill. 507; *Anderson* v. *Fruitt*, 108 id. 378; *Trustees of Schools* v. *Potter*, id. 433; *Fanning* v. *Rogerson*, 142 id. 478; *Henning* v. *Eldridge*, 146 id. 305; *Gade* v. *Forest Glen Brick Co.* 158 id. 39). In *Henning* v. *Eldridge, supra,* we said: "When the judgment of an inferior court is reversed, and the cause remanded for other and further proceedings as to law and justice shall appertain—that is, remanded generally—the judgment of the Appellate Court is not a final judgment, from which an appeal or writ of error will lie to this court." It is manifest that, when the judgment was reversed by the Appellate Court and the cause was remanded to the trial court, it would be the duty of the trial court, upon the re-instatement of the cause therein, to overrule the demurrer to the declaration; and in that case, the defendant below, the present appellant, could either stand by its demurrer and let judgment go against it, or plead to the declaration, and go to trial upon the merits. In either case, something more remains to be done by the lower court, than merely to carry into effect the judgment or mandate of the Appellate Court. Necessarily, therefore, the judgment of the Appellate Court was not such a final judgment as that the appeal would lie from it to this court. Accordingly, the present appeal is dismissed for want of jurisdiction in this court to entertain it.

*Appeal dismissed.*