## A. E. Bigler v. John Sweitzer.

1.  ARBITRATION AWARD--*when exceptions to, properly sustained.* Where an award is incomplete and represents an exercise of authority not conferred by the submission, exceptions thereto are properly sustained by the court.

2.  ARBITRATION AWARD—*when cannot be amended.* An award in arbitration cannot be amended in material matters vital to its validity.

Arbitration under statute. Appeal from the Circuit Court of Union County; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the August term, 1905. Affirmed. Opinion filed March 22, 1906.

P. E. HILEMAN and A. NEY SESSIONS, for appellant.

F. M. YOUNGBLOOD, W. W. BARR and JAMES LINGLE, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On January 11, 1900, the parties to this suit became associated as copartners in operating a general merchandise store at Cobden, Union County, Illinois. Appellant, who had previously been the owner of the stock of goods, continued in charge of the store, while appellee, who, being a farmer, lived in the country outside of Cobden, advanced money for the use of the firm from time to time. Differences arose between the partners which they were unable to adjust, and upon October 19, 1904, they entered into an arrangement to submit the matters of difference to arbitration. The articles of submission stated that there was a controversy existing between the partners, in relation to the dissolution of the firm and the settlement of the copartnership interests in the stock of merchandise above mentioned, and also concerning the ownership of the real estate on which was located the building containing said stock, also concerning the adjustment and settlement of all accounts between said copartnership and the individual members of the firm. It was stipulated that the stock of merchandise should be invoiced by persons selected by the parties to the stipulation at cost price and carriage, and in case the persons selected to make the invoice should fail to agree upon the price of any article or articles, such price should be determined by the arbitrator; that the invoice should be made within ten days and that upon the completion of the same and the coming in of the award of the arbitrator defining the interest of each of the parties to the arbitration, said Bigler should have the option to purchase the interest of Sweitzer in all of the copartnership property

for cash at the invoice price within five days from the date of the finding by the arbitrator, or if he should not elect to do so within said time that Sweitzer should buy the interest of Bigler for cash at the invoice price within ten days of such finding; that all indebtedness should be paid at the time of the dissolution of the copartnership or arranged for satisfactorily to the partner selling his interest; that if any sum should be found to be due from the copartnership to Sweitzer, the same should be paid within five days from the finding of the arbitrator, and if any sum should be found due Bigler, it should be paid within ten days from such finding and that the copartnership property should remain undisturbed until such payments were made, and such indebtedness should be a lien against the same; that if there was anything not expressly stated which might be necessary to a full and complete adjustment of all accounts in controversy between said partners, the same might be considered by the arbitrator and a finding made with reference thereto; that Henry F. Bussey of Anna, Illinois, be selected as arbitrator of the matters in controversy between the partners; that a judgment or decree of the Circuit Court of Union County, Illinois, be rendered upon the award made pursuant to the submission, according to the statute in such case made and provided; that each party pay half the costs and expenses of the arbitration. The arbitrator took the oath provided by statute and made his award finding (1) that Bigler had no title to or interest in the real estate; (2) that each of said partners had an equal one-half interest in the assets of the firm after the payment of its debts; (3) that Bigler was entitled to a salary of $50 a month from the commencement of the partnership; (4, 5 and 6) that Sweitzer was entitled to a credit of $120 interest on excess of capital, to rent of the building at a rental named, and that he should be charged with money paid out on account of the real estate; (7) that their respective interests in the firm were shown by account annexed to the award "except due bills and accounts due from customers;" (8) that the member of the firm pur-

Bigler v. Sweitzer.

chasing from the other should pay him the amount of his interest as shown by the account, take the merchandise, county orders, school orders and cash shown in the statement of account to be assets upon which the account was made up, and should assume the payment of the firm's indebtedness for city accounts and local debts, as shown by the account and schedule attached; (9) that the accounts due the firm from customers should be collected and the proceeds, after the payment of the due bills of the firm, be equally divided between the partners; (10) that the partnership be dissolved.

The account attached to the award showed the net assets of the firm (not including bills due from customers) to be $5,463.45; that appellant's interest in said assets amounted to $3,939.60 and appellee's interest to $1,523.84. Afterwards appellant caused the award to be filed in the Circuit Court of Union County and gave appellee the notice required by statute of his intention to apply for final judgment thereon. Appellee entered a motion to quash the award, basing the motion upon ten exceptions. Appellant thereupon entered a motion to strike the exceptions from the files.

The court overruled appellant's motion as to five of the exceptions filed by appellee and sustained it as to the other five. Appellant then entered a motion for leave to amend a portion of the award, supporting his motion by the affidavit of himself and the arbitrator, but on motion of appellee the court struck the motion of appellant for leave to amend, and affidavits in support thereof, from the files. Appellant also filed affidavits in support of his motion for judgment on the award. The court, however, sustained a motion of appellee to strike said affidavits from the files, denied the motion for judgment on the award and ordered that the award be quashed.

Appellant insists here that the court erred in sustaining five of the exceptions filed by appellee, in refusing appellant leave to amend the award and in quashing the award.

Among appellee's exceptions to the award sustained by

the court were, that the award was incomplete because it did not dispose of all the questions material to the submission; that the award provided that the arbitrator settle all accounts between the parties, both individual and partnership, but that it failed to settle the matter of accounts due the firm at the time of the submission; that the arbitrator did not ascertain the amount of said accounts nor dispose of the same; that the arbitrator did not find the amount of the credits of the firm and the debts of the firm, and that the real interests of the partners were therefore not found; that the arbitrator exceeded his authority and violated the terms of the submission in disposing of the credits of the firm by giving the credits to both members of the firm and leaving the title to the same in the parties to the submission.

The statement of account showed the gross assets "except accounts due from customers" and also the net assets "not including bills due from customers," but the amount of these accounts or bills due from customers is not shown anywhere in the statement or the award. The award provides that the accounts due the firm from customers shall be collected and the proceeds, after the payment of the due bills of the firm, be equally divided between the partners. The award not only fails to state the amount of these accounts, but fails to provide how or by whom they shall be collected. It also provided that the due bills of the firm are to be deducted from the accounts of the customers, but what these due bills are and what they amount to does not appear at all from the award, or the statement of account attached thereto. The submission contemplated there should be "a full and complete adjustment of all accounts in controversy between the partners," but the award fails to adjust and settle all these matters and after dissolving the firm provides for a partnership ownership of the accounts due the firm, and also fails to provide for the manner of collecting the accounts. The submission gave the arbitrator no authority to leave that portion of the controversy covered by the accounts due the firm unsettled and

provide for a partnership ownership of the same.    The arbitrator appears, in the above mentioned particular, to have exceeded the authority given him by the submission, and the award fails to embrace all the matters submitted.    It was therefore not valid and binding and the court properly sustained the exceptions above mentioned.    Steere v. Brownell, 113 Ill. 415; Tucker v. Page, 69 Ill. 179.

The statute provides for the correction or amendment of the award where there is any evident miscalculation or misdescription or if the arbitrators shall appear to have awarded upon matters not submitted to them, not affecting the merits of the decision upon the matters submitted, or where the award shall be imperfect in some matter of form affecting the merits of the controversy, and where such errors and defects, if in a verdict, could have been lawfully amended or disregarded by the court.    Rev. Stat., chap. 10, sec. 10.

Appellant, however, proposed to amend the award, not in a matter of form, but in material matters vital to its validity, which could not legally be done.

For the reasons above given, we are of opinion the court below committed no error in quashing the award, and its judgment will be affirmed.

*Affirmed.*