Thomas Simpkin *et al.*

*v.*

Commissioners Sny Island Levee Drainage District.

*Opinion filed October 23, 1906.*

Appeals and errors—*when no question is presented for review.* No question is presented for review on appeal from an order confirming a drainage assessment where the only exception contained in the record is to the "signing" of the order confirming the report of the commissioners, all prior steps in the proceeding having been taken by agreement of all parties.

Appeal from the County Court of Pike county; the Hon. B. T. Bradburn, Judge, presiding.

A. G. Crawford, for appellants.

Matthews & Anderson, for appellees.

Mr. Justice Vickers delivered the opinion of the court:

This is an appeal from an order of the county court of Pike county confirming an assessment of benefits and damages to certain lands embraced in the Bay creek sub-district of the Sny Island Levee Drainage District.

By agreement of all parties interested the assessment of damages and benefits was referred to the board of drainage commissioners of the Sny Island Levee Drainage District. After making surveys and personal examination and an estimate of costs by an engineer the commissioners made a report to the county court, and due notice having been given, a hearing was had in the county court upon certain objections, and also upon the selection of one of two proposed routes for the principal drainage ditch. The record shows that all parties appeared in open court in person, and by consent introduced evidence and submitted the whole matter to the commissioners under the direction of the county court, without counsel and without a jury. As a result of this

hearing a corrected assessment roll was made, the route determined and then a general order confirming the same. Up to the time the commissioners brought in the corrected assessment roll every step in the proceedings had been taken by agreement. At this time an attorney appeared, and the judgment order recites: "The objectors, by their attorney, A. G. Crawford, then and there excepted to the signing of the said order confirming and approving the report of the commissioners." No other objections or exceptions appear in the record. There is, it is true, what purports to be a bill of exceptions, but it is nothing more than a transcript of the proceedings. It shows no exceptions to the ruling of the court upon any point raised on the hearing. This being true, there is no question preserved in the record for our consideration. The practice which requires a party to make his objection in the court below, obtain a ruling and then take exception and preserve the same by a bill of exceptions in order to present the question for review in this court, is so well established that it is not necessary to cite the numerous cases which sanction the rule. The single exception appearing in this record is only to the "signing" of the judgment. This presents no question for review.

It was a matter of no consequence whether the judge signed the order or not. The rendition of the judgment by the court is the vital thing. While the judge may, if he chooses so to do, sign the roll, yet it is not necessary to its validity that he should. (11 Ency. of Pl. & Pr. 960; *Habberton* v. *Habberton,* 58 Ill. App. 99; *Dunning* v. *Dunning,* 37 Ill. 306.) Section 25 of the Drainage law, under which the judgment appealed from was entered, does not require the order of the court to be signed either by the judge or by the clerk.

This record presents no question for review in this court, and for that reason the judgment is affirmed.

*Judgment affirmed.*