**Festus C. Cole, Appellee, v. H. C. Speer and Sons Company, Appellant.**

**Gen. No. 38,873.**

Opinion filed October 13, 1936.

CUMMINGS & WYMAN, of Chicago, for appellant; AUSTIN L. WYMAN and DANIEL P. NAGLE, of Chicago, of counsel.

WALTER S. HOLDEN, of Chicago, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

In an action upon an alleged agreement of defendant to repurchase certain bonds at maturity, plaintiff had judgment for $2,370.31 on the finding of the court that defendant's answer failed to set up a legal defense, and defendant appeals.

The amended complaint alleged that on or about December 24, 1926, a salesman for defendant called on plaintiff at Iron Mountain, Michigan, the home town of plaintiff, and offered to sell to him four Village of Mundelein six per cent improvement bonds at $500 each; that plaintiff orally stated he would purchase said bonds; that no writing of any kind was entered into, and plaintiff alleged that under the statute of frauds this undertaking was not binding on either party.

"That thereafter before there was any sale of said bonds and before there was any legally enforcible contract for such sale," defendant on December 27, 1926, wrote a letter to plaintiff in Iron Mountain, Michigan, "confirming sale to you." Also—

"Enclosed you will find statement of transaction computed as of January 3, 1927. If this is not the date on which you wish delivery made the only adjustment necessary will be in the amount of accrued interest. We will have the bonds in the hands of the Commercial Bank on that date unless instructed otherwise. Descriptive circular of this issue is enclosed.

"These are desirable bonds and in addition prompt payment of principal and interest has been guaranteed

to us through repurchase agreement by Libertyville Bond and Mortgage Company, and in consideration of your purchase of these bonds from us, we hereby agree to repurchase these bonds or any of the coupons at maturity, thus making this an unusually desirable investment.''

The complaint further alleges that on or about January 3, 1927, plaintiff, relying upon the agreement of defendant to repurchase the bonds, closed the sale, paying the required amount and receiving the bonds; that shortly after October 1, 1934, plaintiff tendered the aforesaid Mundelein bonds to defendant, with coupons attached, and demanded that defendant repurchase them, which defendant refused to do; that plaintiff still has the bonds in his possession and continues to tender them to be repurchased as agreed; and plaintiff asked judgment in the amount of $2,355.72.

Defendant filed its answer to the amended complaint, admitting the oral agreement in Michigan of its salesman with plaintiff on December 24, 1926, but denies that said agreement was not binding under the statute of frauds, and alleges that it constituted a binding contract.

The answer further alleged that in said conversation nothing was said as to any undertaking of defendant to repurchase the bonds; that the agreement in its letter of December 27th to repurchase was ''a pure gratuity'' and without consideration, the contract having been consummated prior to the writing of the letter, and that the letter is vague and insufficient to charge the defendant, no price being referred to in the letter at which such repurchase might be made. The answer made a general denial of any obligation to plaintiff.

The cause came on for hearing upon the motion of plaintiff, after notice to defendant, challenging the

legal sufficiency of defendant's answer, and at the hearing the parties stipulated that under the statutes of the State of Michigan in effect on December 24, 1926, a contract to sell or a sale of any goods of the value of $100 or upwards shall not be enforceable by action unless there is some memorandum in writing of the contract. The court found the answer was insufficient, and defendant not asking leave to file a further answer, but electing to stand on its answer filed, the court found the issues for plaintiff and entered judgment accordingly.

Defendant argues that by plaintiff's motion to dispose of the case on the pleadings he admitted all well pleaded facts in the answer, citing *People v. Holten,* 259 Ill. 219, and that where the answer states one or more good defenses defendant is entitled to be heard on proofs. *Knapp, Stout & Co. v. Ross,* 181 Ill. 392. These are correct statements of the general rule but they are not applicable in the present case. Defendant's allegation that an oral agreement made in Michigan on December 24th constituted a binding contract is not an allegation of a fact but a conclusion of law. Whether any contract is binding or enforceable is always a question of law. In the light of the Michigan statute of frauds it is at once apparent that this oral agreement was without any binding effect. It was no more than an offer to sell, which had no binding force until plaintiff accepted it either by some writing or by paying the purchase price.

The letter of December 27th stated the terms of the proposed sale and before this could be enforced by any action against plaintiff it must be shown that he indicated his acceptance of this in writing or by paying for the bonds. The letter stated that the sale should be consummated on January 3rd, and when on that date plaintiff paid for and received the bonds, it must be held as a matter of law that the sale was con-

summated subject to the terms and agreement in defendant's letter to repurchase them upon demand. The allegation of the tender by plaintiff of the bonds and the refusal of defendant to repurchase is admitted by the pleadings.

Defendant says that under its general allegation of non-liability it was entitled to produce evidence, but under the civil practice act the plea of general issue does not avail. The answer must specifically admit or deny each allegation of the complaint. Ill. State Bar Stats. 1935, ch. 110, ¶ 168.

It is said the agreement to repurchase does not contain any price at which the repurchase should be made, therefore evidence as to the damages was necessary. The agreement is to repurchase or buy back the bonds. This clearly means to take the bonds from plaintiff at the same price he had paid for them, otherwise the agreement to repurchase would be meaningless.

It has been held that a contract to repurchase a security sold is in legal effect a guaranty. *Knass v. Madison & Kedzie State Bank*, 354 Ill. 554. Where the guaranty is made before sale one consideration is sufficient for the contract of sale and also the agreement to repurchase. 28 C. J. 917; *Anderson v. Bills*, 335 Ill. 524.

Other points are made which are not of sufficient importance to compel a reversal. There were some irregularities in the proceedings but upon the record as a whole the conclusion of the trial court was proper and the judgment is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.